No. 9294.

## WILCOX ET AL. *v.* MOUDY.

REAL ESTATE.—*Description.*—*National Surveys.*—*County Boundaries.*—*Judicial Knowledge.*—Courts take judicial knowledge of the National surveys and of the territorial boundaries of counties, and where a full and accurate description of land is given, it can be located in the proper county without difficulty.

SAME.—*Complaint.*—*Title.*—*Venue.*—Where the venue is properly laid in the title of a complaint to recover real estate, filed in the circuit court, want of jurisdiction can be shown only by answer.

SAME.—*Rent During Year Allowed for Redemption.*—*Husband and Wife.*—*Demurrer.*—A complaint against husband and wife to recover the rent of real estate for the year allowed for redemption after sale upon a decree of foreclosure is not bad, as against the husband, upon joint demurrer, because of the joinder of the wife.

PLEADING.—*Demurrer by Two or More.*—*Practice.*—Where two or more join in a demurrer, it must be overruled if the pleading to which it is addressed is good as to any one of the demurring parties.

SAME.—A complaint showing a right to some relief is sufficient on demurrer.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*D. E. Williamson* and *A. Daggy,* for appellee.

ELLIOTT, J.—Appellee instituted this action to recover real estate and damages for its detention.

The appellants assail the first paragraph of the complaint upon the ground that it does not allege that the real estate in controversy is in Hendricks county. It is true that the complaint does not in express terms state that the land is situated in that county, but it gives a full description of it, from which the court can judicially know that it is situated in the county of Hendricks. Courts take judicial knowledge of the National surveys and of the territorial boundaries of counties, and where a full and accurate description of land is given, it can be located in the proper county without difficulty. *Dutch v. Boyd,* 81 Ind. 146.

There is still another reason why the appellants' position can not be maintained. The venue of the action is properly laid in the title, and, as the circuit court is one of general superior jurisdiction, want of jurisdiction can only be raised by answer. *Ragan v. Haynes,* 10 Ind. 348; *Brownfield v. Weicht,* 9 Ind. 394; *Godfrey v. Godfrey,* 17 Ind. 6; *Houk v. Barthold,* 73 Ind. 21.

The second paragraph of the complaint seeks to recover rent for property sold upon a decree of foreclosure and held by the mortgagor during the year allowed for redemption. The appellants' counsel insists that this paragraph is bad because it shows that Julia Wilcox is the wife of her co-appellant. The argument is that she was entitled to one-third of the property immediately upon the sale by the sheriff, and that, therefore, no action could be maintained. The fallacy pervading the argument is a glaring one. If it were broadly granted that the wife's interest became vested at once, as claimed, still the conclusion would by no means follow, for there would be a right to a recovery for at least the two-thirds of the real estate. The complaint certainly states a cause of

action entitling appellee to some relief, and a complaint show-
ing a right to some relief will repel a demurrer. *Bayless* v.
*Glenn,* 72 Ind. 5. We are not to be understood as deciding
that a wife's interest vests at the time of the sale. We decide
nothing upon that point.

Whether the paragraph does or does not state a cause of
action against Mrs. Wilcox, is a question which is not before
us. The demurrer is by her and her husband jointly, and
was properly overruled, for the reason that the complaint is
unquestionably good as against her husband. It is a familiar
rule of practice that, where two or more join in a demurrer,
it will be overruled if the pleading to which it is addressed
is good as to any one of the demurring parties.

No judgment for damages was taken against Mrs. Wilcox.
The proper judgment having been rendered, the ruling upon
the demurrer, even if erroneous, would have been harmless.

Appellants' counsel copies in his brief the causes assigned
in his motion for a new trial, but does not discuss them. As
there is no discussion of the questions presented upon the rul-
ing on the motion, we must, under the settled rule, consider
them as waived.

Judgment affirmed.