Louisville, New Albany and Chicago Railway Company v. Hixon.

Filed April 7, 1885.

No. 11,404.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. HIXON.

JUDICIAL KNOWLEDGE.—*Counties.*—The courts of a State take judicial notice of the geography of its counties, their boundaries and the location of towns therein.

PRACTICE.—*Pleading.*—*Complaint.*—*Arrest of Judgment.*—Where, by intendment, a necessary fact not averred may be supplied, a complaint will be held good on motion in arrest of judgment.

From the Porter Circuit Court.

*W. F. Stillwell* and *W. Johnston*, for appellant.

*D. J. Wile* and *F. E. Osborn*, for appellee.

FRANKLIN, C.—Appellee sued appellant for the killing of a horse by the running of the cars on its railroad: Issue was formed by a general denial to the complaint.

The suit was commenced in Laporte county, and was transferred by change of venue to Porter county, where there was a trial by the court, which resulted in a finding for the plaintiff, and over motions for a new trial, and in arrest of judgment, judgment was rendered upon the finding.

The errors assigned are, overruling the motions for a new trial and in arrest of judgment, and in permitting the plaintiff to amend his complaint after the trial had closed and the judgment had been rendered.

The reasons for a new trial are, the finding is not sustained by sufficient evidence, and is contrary to law. It is insisted

by appellant that the evidence fails to prove that the horse was killed in Laporte county.

The plaintiff testified that he lived with his father south of Westville, near the Louisville, New Albany and Chicago Railroad; that the horse was killed on the railroad upon his father's premises where they lived.

Mr. Crumpacker testified that he lived three miles south of Westville; he was acquainted with the horse; gave his age and pedigree; and that he saw him dead the next morning after he was killed.

We think this evidence sufficiently shows that the horse was killed on the railroad in the neighborhood of three miles south of Westville. This court will take judicial notice of the geography of the county, and the location of the towns therein. *Indianapolis, etc., R. R. Co.* v. *Case*, 15 Ind. 42; *Indianapolis, etc., R. R. Co.* v. *Stephens*, 28 Ind. 429; *Stultz* v. *State, ex rel.*, 65 Ind. 492; *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549; *Wilcox* v. *Moudy*, 82 Ind. 219; *Terre Haute, etc., R. R. Co.* v. *Pierce*, 95 Ind. 496.

In accordance with the above cases this court will take notice that Westville is in Laporte county; and that the neighborhood three miles south of Westville, where the horse was killed, is also in Laporte county.

It is further insisted that there was no evidence tending to show that appellant owned, operated, or controlled the road on which the appellee's animal was alleged to have been killed.

The plaintiff testified that the animal was killed on appellant's road, and that several trains had for a long time daily passed over the road. We think this evidence tended to show not only that the appellant was the owner of the road, but that it controlled the running of the cars thereon.

Appellant further insists that there is no evidence showing that the road, where the horse entered upon it, was not securely fenced. The evidence shows that where the horse entered upon the track and was killed, the fence had been burned up for more than two months before the killing. If

that was its condition, the road could not then have been securely fenced.

It is still further insisted that there was no evidence tending to prove that the horse had been struck by the locomotive or cars of appellant. The evidence shows that the horse was seen well, the day before he was killed, in the pasture feeding by the side of the road in the vicinity of where he was found the next morning dead by the side of the road, with a large " scar " on his right side, and otherwise badly bruised; that his tracks on the railroad grade showed that he had been running north on the west side of the grade, and that in attempting to cross the track he had been struck and knocked off to the west side.

This evidence justifies the inference that the horse had been struck and killed by the locomotive of a passing train. There is no error in overruling the motion for a new trial.

Under the motion in arrest of judgment, it is claimed by appellant that the complaint does not allege in what county the animal was killed. The title of the cause is laid in Laporte county, the suit was commenced there, and the complaint alleges that the defendant was operating its railroad through Laporte county, Indiana, and that the horse was then and there killed by the running of the cars on said road.

The defendant appeared to the case, formed an issue therein, and tried it without raising any objection to the complaint or the jurisdiction of the court. The proof sufficiently showed that the horse was killed in Laporte county, and in such cases the omission in the complaint of a direct averment, that the horse was killed in Laporte county, is cured by the finding of the court. *Louisville, etc., R. W. Co.* v. *Spain,* 61 Ind. 460; *Toledo, etc., R. W. Co.* v. *Stevens,* 63 Ind. 337; *Indianapolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294; *Louisville, etc., R. W. Co.* v. *Harrington,* 92 Ind. 457; *Pennsylvania Co.* v. *Rusie,* 95 Ind. 236.

It is further insisted that the complaint is insufficient, because it does not aver that the railroad was not securely fenced

where appellee's animal entered upon the track.   The allegation in the complaint being:   "The right of way of said corporation and defendant, at the point where said horse thus strayed upon the track, as aforesaid, and at the point where said horse was killed, as aforesaid, was not securely fenced according to law."

To say that the right of way was not securely fenced was substantially saying that the road was not securely fenced. This objection is without merit, especially when first made after the trial and finding of the court.   There was no error in overruling the motion in arrest of judgment.

Appellant in its brief has not referred to the specification of error in relation to amending the complaint after judgmen ; it is therefore considered as waived.   We find no error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 10, 1885.