No. 10,646.

DREBERT ET AL. *v.* TRIER.

DRAINAGE.—*Trial by Jury.—Exceptions.—Practice.*—Under section 4276, R. S. 1881, questions of fact in drainage proceedings under the act of April 8th, 1881, of which such section is a part, are not triable by jury, but where no exception to their submission to a jury is reserved, the error is not available on appeal.

SAME.—*Establishment of New on Line of Old Ditch.—Evidence as to Cost and Condition of Latter.*—In a drainage proceeding, where it is proposed to establish a new ditch upon the line of one already established, evidence is ·admissible to show the construction, capacity, cost and general condition of the old ditch.

From the Allen Circuit Court.

*W. G. Colerick* and *P. B. Colerick*, for appellants.

*W. H. Coombs*, *R. C. Bell* and *S. L. Morris*, for appellee.

NIBLACK, J.—This was a proceeding under the drainage act of April 8th, 1881, R. S. 1881, section 4274.

On the 15th day of March, 1882, Paul Trier filed his petition in the court below, representing that he was the owner of certain particularly described tracts of lands, in Allen county, which would be benefited by drainage, but that such drainage could not be accomplished without affecting the lands of a considerable number of other persons, which lands were also particularly described, giving the names of the owners of each tract respectively; also, representing that the desired drainage could be best and most cheaply accomplished by the construction of a ditch, designating its place of commencement as well as its general direction.

The petition being supported by the oath of the petitioner, and proof being thereafter made of notice of his intention to present the petition, the circuit court referred the matters contained in the petition to the commissioners of drainage of the county, who, after making a personal inspection of the lands described as stated in the petition, reported, amongst other things, that the construction of the proposed ditch would be promotive of the public health, as well as of benefit

to a public highway, and would also constitute a work of public utility. Thereupon, Henry Drebert, John K. Drebert, Frederick Harris, John H. Fuechtenicht, Daniel Oppliger and John H. Lange, persons whose lands were upon the line of the contemplated improvement, remonstrated against the construction of a ditch, as recommended by the commissioners of drainage.

The circuit court, upon its own motion, empanelled a jury to try the issues formed by the remonstrance, which, after hearing the evidence, returned a verdict finding all the issues submitted to them in favor of the petitioner. Whereupon the circuit court rendered a judgment establishing the ditch, approving the assessments made by the commissioners of drainage, and making the necessary orders for the construction of the proposed work.

A trial by jury is not contemplated by the statute in causes like the one in hearing. R. S. 1881, section 4276 ; *Anderson* v. *Caldwell*, 91 Ind. 451 (46 Am. R. 613). But as the remonstrants reserved no exception to the submission of the cause to a jury, they can not complain of that proceeding upon this appeal. *Neff* v. *Reed*, 98 Ind. 341.

At the trial the remonstrants proposed to prove by one of their number, who was a witness in the cause, that there was already a ditch upon the line on which it was designed to locate the ditch then in controversy, and to show the dimensions of the old ditch and its general condition at different points along its line, but the proposed proof was excluded, and no formal exception was reserved upon that particular exclusion of evidence. Later on in the trial, however, the remonstrants offered in evidence the petition, notice, report of viewers and proceedings of the board of commissioners of Allen county, theretofore establishing and opening a ditch upon the same ground on which the contemplated new ditch was to be constructed, for the purpose of showing the width and depth of such ditch, so already established and opened, and the assessments which had been made for the

construction of the same, but the evidence thus offered was also excluded, to which an exception was reserved and carried into the record of the proceedings at the trial.

It was held in the case of *Meranda* v. *Spurlin,* 100 Ind. 380, that a new ditch may be constructed along and upon the line of an older and already established ditch. When, therefore, it is proposed to construct a new ditch upon the line of an old one, the question as to the facilities which the old ditch affords for drainage, becomes at once a pertinent question, and incidentally to that question the size, capacity, cost and general condition of that ditch are made proper subjects of inquiry. The cost of the old ditch, and the results accomplished by opening it, tend to throw light upon the reasonableness and feasibility of the further expenditure of money upon the same ground, and hence those subjects are material and pertinent matters to be considered in determining whether the new ditch prayed for is a practicable and necessary improvement. These views are in practical harmony with the case of *Meranda* v. *Spurlin,* cited above, and the more recent case of *Bass* v. *Elliott,* 105 Ind. 517. It follows that the circuit court erred in excluding the papers and proceedings pertaining to the establishment and construction of the old ditch referred to in this case, from the consideration of the jury.

Other questions were reserved upon the proceeding below, and have been discussed in argument, but the practice in drainage cases has, in most cases likely to hereafter arise, become so well settled by recent decisions of this court, that we deem it unnecessary to express an opinion upon any of the other questions so reserved and discussed in argument.

The judgment is reversed with costs, and the cause remanded for a new trial.

ZOLLARS, J., was absent when this cause was considered.
Filed May 25, 1886.