Rogers v. Venis.

16,532.

## ROGERS v. VENIS.

137 221
142 404
137 221
145 140

PRACTICE.— *Defects and Irregularities.— When Disregarded.*— Defects and irregularities which do not prejudice or mislead the complaining party, will be disregarded.

DRAINAGE.—*Proposed Ditch Over the Line of One Previously Constructed.* —The fact that a proposed ditch is over the line of a ditch previously established and constructed, is no bar to the proceeding.

SAME.—*Drainage Commissioner.— When not Disqualified.— Tile Manufacturer.*—The fact that a drainage commissioner is engaged in the business of manufacturing tiles is no legal objection to his qualifications to act as such commissioner, in the absence of a showing that he has some interest in the particular ditch under consideration.

SAME.—*Commissioners' Report.—Clerical Error.—Right to Correct.*— Drainage commissioners may correct a clerical error in their report at any time before the work is completed and the final report of such commissioners is approved.

SAME.—*Remonstrance.—Cause for.—Striking Out.*—It is not error to strike out a paragraph of remonstrance, where it does not contain a statutory cause for remonstrance.

SAME.—*Remonstrance.—Burden of Proof.*—Where a land-owner remonstrates, in such a proceeding, on the ground that his land is assessed for too much to aid in the construction of the ditch, he has the burden of the issue thus tendered.

SAME.—*Remonstrator.— Liability for Costs.*—A remonstrator is responsible for the costs occasioned upon grounds of remonstrance which he failed to sustain.

From the Clinton Circuit Court.

*S. Vanton*, for appellant.

*P. W. Gard* and *J. C. Farber*, for appellee.

COFFEY, J.—On the 13th day of August, 1891, the appellee filed in the office of the clerk of the Clinton Circuit Court a petition praying for the establishment and construction of a public ditch therein described. The petition specifically describes the beginning and terminus of the proposed ditch and its courses, describes by congressional descriptions the lands to be affected and

gives the names of the owners of such lands. It also alleges that it will benefit the lands described and a certain highway also described; that in the opinion of the petitioner such drainage can be accomplished in the cheapest and best manner by a ditch containing two lines of ten-inch tile securely covered, and that he believes the cost and damages of such drainage will be less than the benefits which will result to the owner of the land likely to be benefited thereby.

This petition was duly verified.

On the same day the petitioner prepared a notice containing a description of the proposed ditch as described in the petition, the land to be affected and the names of the owners of such land, and stated that the petitioner would, on the first day of the September term of the Clinton Circuit Court, for the year 1891, petition said court for the establishment and construction of the ditch and would, at the same time, move the court to docket the same as a cause pending therein. This notice was served on the appellant on the same day by delivering to him a copy thereof.

On the second day of the next ensuing term of the Clinton Circuit Court, the appellant entered a special appearance to the proceeding, and resisted the appellee's motion to docket the cause, and moved the court to dismiss the petition for the reasons set forth in the motion, which motion was by the court overruled. On the thirteenth day of the term the appellant renewed his motion, but the same was again overruled, and he excepted.

Such further proceedings were had in the cause as that commissioners were appointed to view the proposed ditch, who subsequently made their report to the court in favor of establishing and constructing the same, as prayed in the petition. To this report the appellant filed a remonstrance.

Rogers *v.* Venis.

The court, on motion of the appellee, struck out the first paragraph of such remonstrance, to which the appellant excepted. Issues were formed on the remaining paragraphs of the remonstrance, which were tried by the court, resulting in a finding and order establishing the ditch, as prayed for in the petition. From this order the appellant appeals to this court, and seeks to reverse it on account of numerous alleged errors in the rulings of the trial court during the progress of the cause.

It may be remarked at the outset that very many of the objections made by the appellant to the proceedings in the trial court are purely technical in character, and could by no possibility, even if erroneous, affect the merits of the controversy between the parties.

Section 8, of the act under which this proceeding was had, requires us to construe the act liberally, and prohibits us from permitting any person to take advantage of any error, defect, or informality in the proceeding unless he is injuriously affected thereby. R. S. 1894, section 5629.

We need not, therefore, encumber this opinion by setting out or deciding the technical objections urged by the appellant.

We think the petition in this case, as well as the notice based thereon, was sufficient.

The time for holding the Clinton Circuit Court is fixed by statute, and the appellant was bound to take notice of the times at which such court would convene. We judicially know that the first day of September term, 1891, of that court, was the 7th day of the month. The appellant, therefore, had notice for the length of time required by the statute. A failure to indorse on the petition a date at which it would be docketed was a mere irregularity, which could in no event, injuriously affect

the rights of the appellant. *Smith* v. *Smith*, 97 Ind. 273; *Carr* v. *State, for Use*, 103 Ind. 548.

The general rule is that defects and irregularities which do not mislead or prejudice the party complaining will be disregarded. Elliott's App. Proced., section 179.

The fact that the proposed ditch now in controversy was over the line of a ditch previously established and constructed was not a bar to this proceeding. This seems to be fully settled by the adjudicated cases in this State. *Meranda* v. *Spurlin*, 100 Ind. 380; *Drebert* v. *Trier*, 106 Ind. 510; *Hardy* v. *McKinney*, 107 Ind. 364.

The court did not err, in our opinion, in overruling the motion of the appellant to set aside the order appointing Ephraim M. Reagan as the third drainage commissioner.

The facts set forth in the affidavit in support of that motion were not sufficient, we think, to show that he was disqualified to discharge the duties of his trust, or that he was in anywise prejudiced against the appellant or his cause. The fact that Reagan was engaged in the business of manufacturing tile was no legal objection to his qualifications to act as commissioner in a drainage proceeding, in the absence of a showing that he had some interest in the particular ditch then under consideration.

Nor do we think the court erred in striking out the first paragraph of the appellant's remonstrance. The matters therein set forth are not statutory causes for remonstrance. The supposed defects therein set out would be more properly raised by motion.

A land-owner who remonstrates in a proceeding like this, on the ground that his land is assessed for too much to aid the construction of the ditch, has the burden of the issue thus tendered. *Conwell* v. *Tate*, 107 Ind. 171.

For this reason the court did not err in requiring the appellant to first introduce evidence upon that issue in this case.

The evidence upon the subject, as to the amount properly chargeable against the land of the appellant for the construction of the ditch in controversy, is conflicting. There is evidence tending to support the finding of the court upon this subject, and for that reason we can not disturb it.

There was no error in permitting the commissioners of drainage to correct a clerical error in their report. Such practice is approved by the decisions of this court. *Steele* v. *Hanna,* 117 Ind. 333; *Dawson* v. *Shirk,* 102 Ind. 184.

We can not say, from the record before us, that the circuit court erred in its taxation of costs in this case. The appellant remonstrated on several grounds, upon some of which he was successful, while he failed upon others. It was proper to tax him with costs upon the issues where he failed. It does not affirmatively appear, from the record before us, that he was taxed with any costs except such as were made upon the grounds of remonstrance, which he failed to sustain. As every presumption must be indulged in favor of the ruling of trial court, it must be affirmatively shown, by the record, that such court erred in the matter of which complaint is made, otherwise the presumption prevails.

We have carefully examined all the alleged errors complained of by the appellant, and find none which would warrant us in reversing the judgment from which this appeal is prosecuted.

Judgment affirmed.

Filed March 15, 1894.