CARMEN SEVER

*v.*

ELIZA LYONS.

*Opinion filed December 22, 1897.*

1. JUDICIAL NOTICE—*in determining extent of homestead exemption courts will judicially notice subdivisions.* Where a person entitled to a homestead exemption is the owner of more than one lot, the court will take judicial notice of the subdivision of town and city property into separate blocks and lots, for the purpose of determining what land is covered by the exemption.

2. HOMESTEAD—*homestead embraces entire lot on which the residence is located.* The homestead exemption is not limited to the portion of the lot covered by the dwelling, but embraces the whole lot upon which it stands, if owned by the householder, together with the buildings upon such lot, whether used for carrying on business or deriving income by way of rent.

3. SAME—*homestead does not embrace adjoining lots occupied by tenants though enclosed with residence lot.* The homestead exemption does not extend to a lot adjoining the one on which the residence stands, which is occupied by houses leased to tenants residing there with their families, although such lot is enclosed with the residence lot.

4. EVIDENCE—*it is competent to show that residence covers more than one lot.* One claiming a homestead may show that his residence covers more than one legal subdivision, and that two or more lots, or a town lot and tract of farm land adjoining, in the same enclosure, though constituting separate tracts or lots, are occupied as one parcel of land, constituting a single residence, within the meaning of the statute.

CRAIG, J., dissenting.

APPEAL from the Circuit Court of Iroquois county; the Hon. JOHN SMALL, Judge, presiding.

MORGAN & OREBAUGH, for appellant:

Land exempt as a homestead must be the spot on which the debtor claims a residence and must be the home of the family. *Hill* v. *Bacon*, 43 Ill. 477; *Kitchell* v. *Burgwin*, 21 id. 44; *Gardner* v. *Eberhart*, 82 id. 316.

Occupancy by a tenant and claiming the land as a homestead will not entitle the homestead claimant to the benefit of the statute. *Kitchell* v. *Burgwin*, 21 Ill. 44.

The statutory term "occupied as a residence," means that the premises must be the home of the party claiming the homestead right. *Potts* v. *Davenport*, 79 Ill. 458.

A house built on land on which the owner himself lives, and rented continuously to another, without ever having been used in connection with his own house or for any household or domestic purpose, or as a place of abode for any one of his own family, is not a part of the homestead, though inclosed by the same fence. Nor can the owner's intention to make it a part of the homestead have that effect. *McDonald* v. *Clark*, 19 S. W. Rep. 1023.

FLEMING R. MOORE, C. H. PAYSON, and NELLY B. KESSLER, for appellee:

By the statute every householder having a family shall be entitled to an estate of homestead to the extent in value of $1000 in the farm or lot of land, and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence. Hurd's Stat. chap. 52, sec. 1.

The homestead exemption provided by statute takes in the entire lot upon which the debtor resides, whatever else may be there and for whatever else used, if its value is less than $1000. *Hubbell* v. *Canady*, 58 Ill. 425.

The intention of the legislature in enacting the Homestead Exemption law was not to save a mere shelter for

the debtor and his family, but it was to give him the full enjoyment of the whole lot of ground exempted, to be used in whatever way he might think best for the occupancy and support of his family, whether in the way of cultivating it or by the erection of buildings upon it, either for carrying on his own business or for deriving income in the way of. rent.   *Stevens* v. *Hollingsworth*, 74 Ill. 202.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee is the owner of fifty-five hundredths of an acre off of the north side of lot 5, in block 3, of Vennum's addition to Milford, and has occupied the same, and the dwelling house situated thereon, with her husband and children, as a residence and homestead, for ten years last past.   She is also the owner of lot 4 in said addition, adjoining said fraction of lot 5.   There are two dwelling houses on lot 4, built several years ago, which have been continuously leased by her to tenants who were the heads of families and resided with the same in said houses, respectively.   Lot 4 and the fraction of lot 5, with the three residences thereon, are within one inclosure and not worth $1000.   While the premises were so situated they were sold on execution against appellee, and the certificate having been assigned to appellant, he received a sheriff's deed for the same.   Since receiving the sheriff's deed, appellant has tendered to appellee, and still offers to her, a deed of the fraction of lot 5 on which she resides, which deed she refuses to receive.   Appellee filed her bill in the circuit court of Iroquois county against appellant, alleging that the entire premises were exempt as her homestead, and praying that the sheriff's deed should be declared void as a cloud upon her title.

The facts as above stated were agreed upon by written stipulation, and the court, upon such agreed state of facts, found for appellee and declared the sheriff's deed null and void.

The homestead exempted by the statute is an estate to the extent in value of $1000 in the farm or lot of land and buildings thereon occupied as a residence. It embraces the whole lot of ground and the house and out-buildings occupied as a residence, together with any other buildings upon such lot, whether for carrying on business or deriving income in the way of rent. In such case the exemption is not limited to the portion of the lot covered by the dwelling, but by the terms of the statute extends to the whole lot. (*Hubbell* v. *Canady,* 58 Ill. 425; *Stevens* v. *Hollingsworth,* 74 id. 202.) Where the person entitled to homestead is the owner of more than one lot, the court will take judicial notice of the subdivision of town and city property into separate blocks and lots, for the purpose of determining what lot of land is covered by the exemption. (*Hill* v. *Bacon,* 43 Ill. 477; *Gardner* v. *Eberhart,* 82 id. 316.) It is competent, however, to prove that a residence covers more than one legal subdivision, and that two or more lots, or a town lot and tract of farm land adjoining and in the same enclosure, although constituting separate legal tracts or lots, are occupied as one lot of land constituting a single residence, within the meaning of the statute. (*Thornton* v. *Boyden,* 31 Ill. 200; *Boyd* v. *Fullerton,* 125 id. 437.) In this case, the fifty-five hundredths of an acre, part of lot 5, is the lot of land occupied as a residence by appellee. Lot 4 is a distinct and separate lot, occupied under leases by other heads of families residing therewith. It is impossible that appellee should be in the occupancy of that lot with her family as a residence while she occupies a separate lot as a homestead and it is so occupied by her tenants as their residences. It is in the same enclosure with her residence, but that fact alone is not sufficient to annex a separate lot not occupied by her to her homestead.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CRAIG, dissenting.