## THE HUNTINGTON MANUFACTURING COMPANY *v.* SCHOFIELD ET AL.

[No. 3,974. Filed December 17, 1901.]

CORPORATIONS.—*Bona Fide Attempt to Organize.—De Facto Corporation.*—Where in a *bona fide* attempt to incorporate, duplicate articles of association were properly executed, and a copy thereof filed in the office of the Secretary of State, but, instead of filing and having recorded a copy of such articles in the county recorder's office, as required by statute, the certificate of incorporation issued by the Secretary of State was so filed and recorded, such attempt at organization creates a *de facto* corporation.

From Huntington Circuit Court; *C. W. Watkins,* Judge.

Action by William C. Schofield and others against the Huntington Manufacturing Company. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*M. L. Spencer, W. A. Branyan* and *E. Searles,* for appellant.

*W. J. Vesey, O. N. Heaton, A. J. Vesey, B. F. Heaton* and *A. D. Wasmuth,* for appellees.

PER CURIAM.—Appellees sued appellant upon an account, averring appellant to be a corporation. Appellant answered in two paragraphs, first the general denial, and second a verified answer that when the "cause of action accrued no such corporation existed as the defendant." The cause was tried upon its merits resulting in a verdict and judgment for appellees. Overruling a motion for a new trial is assigned as error.

If the second paragraph of answer is a plea in abatement it could not be pleaded with an answer in bar. Under the general denial appellant, as a corporation, defended the action on its merits. But the second paragraph does not deny the existence of the corporation when the debt was contracted nor does it deny that appellant is now a corporation, but simply alleges that it was not a corporation when the cause of action accrued. It impliedly admits by the filing of each paragraph of answer that it is now a corporation. Construing this pleading most strongly against the pleader, the most that can be said of it is that it denies the debt to be a corporate debt. But admitting, without deciding, that such an answer casts the burden of proving corporate existence, at the time the cause of action accrued, upon appellees, there is sufficient evidence in the record to show that appellant was a *de facto* corporation.

It appears that duplicate articles of association were signed and acknowledged as the statute requires, a copy was filed in the office of the Secretary of State and instead of filing the articles in the county recorder's office, the certificate of incorporation issued by the Secretary of State was filed and recorded in the recorder's office. Where there has been a good faith effort to organize a corporation under a statute authorizing such incorporation, and corporate functions have been assumed and exercised, the organization becomes a *de facto* corporation. *Williamson* v. *Kokomo, etc., Assn.,* 89 Ind. 389; *Baker* v. *Neff,* 73 Ind. 68; *Methodist Church* v. *Pickett,* 19 N. Y. 482; *Indiana Bond Co.* v. *Ogle,* 22 Ind. App. 593, 72 Am. St. 326.

. Upon the above theory the court properly instructed the jury.   There is evidence to sustain the verdict of the jury and we can not weigh it to determine the preponderance. -

Judgment affirmed.