## KEMP ET AL. *v.* ADAMS ET AL.

[No. 20,448.   Filed February 21, 1905.]

1. COURTS.—*Commissioners' Jurisdiction.*—Commissioners' courts have only such jurisdiction as is expressly granted by statute or necessarily implied from powers expressly granted. · p. 260.

2. STATUTES. — *Construction.* — *Drains.* — The act of 1901 (§5653a Burns 1901), providing for the tiling of drains, applies only to the tiling of open public drains.   p. 260.

3. COURTS.—*Commissioners'.*—*Drains.*—*Jurisdiction.*—Boards of commissioners have no power to construct new or original drains under the act of 1901 (§5653a Burns 1901), and any proceedings in reference thereto by such board are void.   p. 261.

4. PLEADING.—*Drains.*—*Remonstrance.*—*Jurisdiction.*—Where a petition to tile a drain did not disclose on its face a want of jurisdiction, such question was properly raised by plea to the jurisdiction.   p. 261.

5. SAME.—*Plea to Jurisdiction.*—Where interested parties to a proceeding to tile a drain file a remonstrance supported by affidavit, stating a want of jurisdiction, it is the duty of the court to entertain such remonstrance and determine the court's jurisdiction, regardless of whether such question was properly or improperly raised before the board of commissioners.   p. 261.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Petition by Mary B. Adams and others for the construction of a drain, against which Joseph G. Kemp and others remonstrate.   From a judgment of the circuit court establishing such drain, remonstrants appeal.   *Reversed.* ·

*J. P. Kemp, L. B. Nash* and *E. T. Teter,* for appellants.
*J. F. Pyke, Beauchamp, Mount & Procter* and *J. V. Kent,* for appellees.

HADLEY, C. J.—Appellees filed a petition in the commissioners' court of Tipton county praying for the con-

struction of a tile-drain over the line of a public drain, under the provisions of an act approved March 11, 1901 (Acts 1901, p. 545, §1, §5653a Burns 1901). Viewers were appointed, who met pursuant to the order of the board and notice, and, having qualified, proceeded to view the line of the ditch, and thereafter filed their report at the time designated by the order of the board of commissioners, to wit, December 1, 1902. They found and reported that the tiling of the ditch would promote the public utility, convenience and welfare; that the cost would be less than the benefits, and assessed the benefits to the several tracts of land. Upon the day appointed, December 1, the record shows the report of the viewers was filed and submitted to the court, and the court found that a majority of the resident landowners, whose lands were reported as benefited and ought to be assessed, had signed the petition for the drain, and confirmed the assessments as reported, and referred the ditch to the county surveyor for construction. Immediately following the above, and in the same entry, the record continues: "Motion of S. D. Rouls and LaFayette Jones to set aside submission and order of board, filed and overruled. Offer to file objections made by S. D. Rouls and LaFayette Jones, overruled."

Rouls, Jones, and other appellants, being landowners whose lands were assessed for the construction of the ditch, appealed from the above order to the circuit court. On appeal, Rouls and other appellants renewed and tendered for filing their written objections to the petition and report of the viewers, demanding that the report of the viewers be rejected, and the proceeding dismissed for the following, among other, reasons: Because 4,600 feet of the ditch described in the petition as an open drain, and proposed to be tiled, is not now and never was an open drain constructed under the laws of Indiana, and is not in or over the line of any old ditch or drain, and, as to said 4,600 feet, the drain described in the petition, and as laid off in the report of the

viewers, proposes the construction of an entirely new ditch; that the construction of said new ditch as proposed is not for the purposes of straightening the line, improving the flow, or for furnishing an outlet for that portion of said proposed drain that is now, and was previously constructed under the statute. The proffered plea, upon objection by appellees, was refused by the court, and appellants' exception properly saved.

In support of their right to file the plea, appellants accompanied it with an affidavit which tended to show that they were prevented from timely appearing and presenting their objections before the board of commissioners by the fraudulent conduct of the petitioners and their attorney. The presentation of the affidavit rests upon the doctrine that a default secured by the wrongful act, or fraud of the adversary, or misconduct of the board, forms an exception to the general rule that in appeals from boards of commissioners such questions only as were presented in the court below can be litigated in the circuit court. See *Breitweiser* v. *Fuhrman* (1882), 88 Ind. 28; *Munson* v. *Blake* (1885), 101 Ind. 78.

1. While we consider the question raised by the affidavit touching the excusable absence of appellants at the time the report was acted upon by the board as one of substance, yet, in the view we have taken of the case, its decision becomes unnecessary. At the bottom of the case lies the question of jurisdiction of the subject-matter. If the commissioners' court had no such jurisdiction, then all time spent in the consideration of other questions is wasted. Commissioners' courts have limited powers, and only such jurisdiction as is expressly conferred by statute, or necessarily implied to enable them to carry out the powers expressly granted.

2. The statute upon which this proceeding is grounded clearly contemplates the doing of a single thing, namely, the tiling of public open drains. The title of the act of 1901, *supra,* which serves as an index to the subject-matter, is as follows: "An act providing for the tiling of public open

drains in certain cases, providing the manner of assessing benefits therefor, the payment of the costs of such improvements, and repealing all laws in conflict herewith." Section one of said act reads thus: "That upon the presentation to the board of county commissioners of a petition stating that it will be to the public convenience and welfare to tile any public drain heretofore constructed under any law of this State, and that the cost of tiling the same will be less than the benefits derived therefrom, signed by one or more of the landowners whose lands will be assessed for the costs of tiling such drain, and the filing of a bond, signed by one or more responsible persons, conditioned for the payment of the expenses of the preliminary survey and report, if the proposed improvement shall not finally be ordered, the board of county commissioners shall," etc.

3. Boards of commissioners have no authority to construct new or original drains, by tiling, under this act. Their power is clearly and unequivocally limited to public drains heretofore constructed under some law of this State. In this respect the statute is so plain as to forbid of construction. The commissioners having no power to direct the construction of a tile-drain in new territory, if they undertook to do so in this case, all their acts and proceedings in reference thereto were unauthorized. If the board acted without authority, their appointment of viewers, and their action upon the viewers' report, were unwarranted. *Strayer* v. *Taylor* (1904), 163 Ind. 230; *Royse* v. *Evansville, etc., R. Co.* (1903), 160 Ind. 592.

4. In this case want of jurisdiction did not appear upon the face of the petition or report, and could only be raised by some sort of plea. *Wilcox* v. *Moudy* (1882), 82 Ind. 219.

5. Whether the appellants' remonstrance specifically setting forth a want of jurisdiction of the subject-matter was timely or not before the commissioners, when renewed, on appeal, and supported by affidavit, it disclosed sufficient substance to impose upon the circuit court the duty of enter-

taining it, and trying the question propounded. Appellees' naked objection should not have been permitted to close the door against a fact fundamental to the court's authority to proceed. It makes no difference that the want of jurisdiction relates only to a part of the proposed drain. It was acted upon as an entirety, and we must so treat it. *Royse* v. *Evansville, etc., R. Co., supra.*

Other questions are discussed which are not likely to arise again, and are therefore not decided.

Judgment reversed, and cause remanded, with instructions to overrule appellees' objection to the filing of appellants' objection to the petition and report of the viewers, and for further proceedings not inconsistent with this opinion.