## SHIELDS ET AL. *v.* PYLES ET AL.

[No. 21,750. Filed October 30, 1912. Rehearing denied June 26, 1913.]

1. DRAINS.—*Petition.*—*Sufficiency.*—*Statutory Provisions.*—By the enactment of §6141 Burns 1908, Acts 1907 p. 508, §2, which prescribes four classes of petitioners for the establishment of drains, it was intended that the power of petitioning should be enlarged, and, though as to each class the power is distinct, the conditions for petitioning are mutual, and either class may petition though the others are thereby affected, so that a petition by landowners is not insufficient for failure to show that the lands involved are wholly outside the limits of a city or town. pp. 74, 76.

2. DRAINS.—*Establishment.*—*Power to Establish.*—*Delegation of Power.*—Public drains are the subjects of the State's control, and it may delegate to interested persons, or cities, or towns, the power of initiative and the exercise of its function over them. p. 75.

3. EVIDENCE.—*Judicial Notice.*—*Location of Cities and Towns.*—*Negative and Affirmative Propositions.*—The courts take judicial notice of the location of cities and incorporated towns and of a negative as well as an affirmative proposition or fact. p. 76.

4. DRAINS.—*Appeal.*—*Assignment of Errors.*—*Insufficiency of Petition.*—An assignment of error on appeal questioning the sufficiency of a drainage petition for the first time is unavailing, such attack being too late after judgment. p. 77.

5. DRAINS.—*Petitions.*—*Sufficiency.*—*Jurisdictional Facts.* — All jurisdictional facts need not appear in a drainage petition, but they may be shown by evidence. p. 77.

6. DRAINS.—*Petitions.*—*Jurisdictional Facts.*—*Signatures.*—*Remonstrance.*—Where a petition for the establishment of a drain has not been signed by qualified petitioners, that question should be presented by remonstrance. p. 77.

7. DRAINS.—*Establishment.*—*Petition.* — *Sufficiency.* — A petition under §6141 Burns 1908, Acts 1907 p. 508, §2, for the construction of a drain outside the corporate limits of a city or town, which does not disclose that the lands are not ᴖutside the corporate limits of a city or town, is *prima facie* sufficient, even if it is necessary to confer jurisdiction that there be petitioners owning land outside a city or town. p. 77.

8. DRAINS.—*Establishment.*—*Procedure.*—The provisions of the civil code may be resorted to in proceedings for the establishment of drains, to supply omissions in the procedure prescribed in the act under which the proceedings are had. p. 78.

9. DRAINS.—*Establishment.*—*Jurisdiction.*—*Establishment Over Line of Another Drain.*—In proceedings had under §6174 Burns 1908, Acts 1907 p. 508, §19, there is no jurisdiction in a circuit or superior court to establish a ditch over the line of another ditch established and constructed by the board of commissioners, but the jurisdiction remains in the latter tribunal, at least where the ditch is confined to one county. p. 78.

10. DRAINS.—*Establishment.*—*Establishment on Line of Another Drain.*—Where a public drain has been established and ordered constructed, another drain cannot be established and ordered constructed over the same line and between the same termini by the same, or another, jurisdiction, but the first proceeding must be brought to a completion before a new proceeding can be applied to the situation, unless it appears that such first proceeding has been abandoned or terminated by some method known to the law, or becomes impracticable or impossible, as

by repeal of the statute under which it was begun, with no saving clause. p. 79.

11. PLEADING.—*Answer in Bar.*—*Plea in Abatement.*—*Striking Out Plea.*—A pleading cannot perform the double office of a plea in abatement and a plea in bar, so that where the same facts were pleaded both in abatement and in bar of the action, the plea in abatement was properly stricken out. p. 80.

12. DRAINS.— *Establishment.* — *Jurisdiction.* — *Supplemental Remonstrance.*—The question of jurisdiction of the subject-matter may be raised at any time, so that a supplemental remonstrance in a drainage proceeding questioning such jurisdiction is not open to the objection that it was filed too late. p. 80.

13. DRAINS. — *Establishment.* — *"Lakes."* — *Depressions.* — Wet weather ponds and shallow basins forming part of an extended marshy area, with more or less drainage from the whole toward a certain river, and largely formed by the backwater from such river, and which at times go dry, and in which at other times the water becomes stagnant, are not lakes within the meaning of §6142 Burns 1908, Acts 1907 p. 508, §3, forbidding the location of drains so close to any lake covering ten acres or more of ground as to lower the water level of such lake. p. 80.

14. DRAINS.— *Evidence.*— *Report of Drainage Commissioners.*— *Admissibility.*—The report of the drainage commissioners was properly admitted in evidence in a drainage proceeding, since by §6151 Burns 1908, Acts 1907 p. 508, §17, such report is made *prima facie* evidence of the facts stated therein. p. 81.

From Jackson Circuit Court; *David A. Kochenour*, Special Judge.

Petition by Jesse Pyles and others for the establishment of a drain. From a judgment confirming the assessments of the drainage commissioners, establishing the drain and appointing a construction commissioner, Ewing Shields and others appeal. *Reversed.*

*Frank S. Jones, Thomas M. Honan* and *Lewis & Swails,* for appellants.

*John H. Kamman, Frank Branaman* and *John Branaman,* for appellees.

MYERS, J.—Appellee Pyles and fifteen other landowners filed on September 30, 1907, a petition in the Jackson Circuit Court for the drainage of certain lands and highways. Such proceedings were thereafter had without any objection

interposed, that on November 25, 1908, a report of commissioners was filed, reporting the proposed work to be of public utility, to be practicable, and that it would improve the public health, and benefit highways and free gravel roads, and that the costs would be less than the benefits to the lands assessed. By that report additional lands to those named in the petition were brought in and assessed, and the court ordered notice to be given such landowners, and the cause was continued until December 11, 1908. On the latter date several of the persons whose lands had been assessed filed so-called pleas in abatement. They also, with others, filed statutory remonstrances, and on May 28, 1909, filed additional and supplemental remonstrances, setting up by a special paragraph, in addition to the statutory grounds for remonstrating, practically the same matters set up in the alleged pleas in abatement, but somewhat more fully. The pleas in abatement were stricken out on motion of the petitioners, on May 17, 1909. There was a trial and finding confirming the assessments of the commissioners, and over joint and several motions for a new trial, judgment was rendered, approving the assessments, establishing a drain, and appointing a construction commissioner, from which judgment this appeal is prosecuted.

Coming first in chronological order, is the question of the insufficiency of the petition assigned as error, the first point being that it does not appear that the lands were wholly outside the limits of a city or incorporated town; the appellants' contention being that "only those who own separate and distinct tracts of land lying wholly outside the limits of cities and towns" may petition for drains.

1. The statute (§2 Acts 1907 p. 508, §6141 Burns 1908) prescribes four classes of petitioners, (a) "owners * * * of land * * * outside the corporate limits of any city or town", (b) "township trustees * * * for drainage of a public highway or the grounds of a public school", (c) "the common council of any incorporated

city'', (d) ''the board of trustees of any town'' for the drainage of school grounds or highways. The act was plainly intended as an enlargement of the power of petitioning, and not as restricting it. It is apparent that there may be as much necessity for the exercise of the power in case of cities or towns or township trustees, as in case of purely agricultural lands, or lands outside of cities or towns, for the drainage of the latter may be closely related to and affect lands in a city or town, and necessary drainage in the latter, or by a township trustee may be closely related to and affect agricultural lands, or lands outside a city or town. These possible correlated conditions of lands to cities and towns, and *vice versa,* first received recognition in an act of 1889 (Acts 1889 p. 285), amending §2 of the act of 1885, so as to authorize outside landowners to drain through cities and towns affected, and in 1901 it was again amended (Acts 1901 p. 162), and in 1903 (Acts 1903 p. 252), an amendment was added in the form of a proviso, providing that common councils and trustees of towns might petition ''when land lying outside  *  *  *  would be benefited.'' By the general act of 1905 (Acts 1905 p. 456), and by §2, *supra,* this last enactment was withdrawn as a proviso, and common councils and trustees of towns and township trustees, placed in the same class as agricultural, or other landowners outside of cities or towns, and this section was practically reënacted in §2, *supra,* of the act of 1907, and both reason and the statute itself leave no room for doubt, that a power was conferred upon the four classes named.

2. Public ditches, like public highways, are the subjects of the State's control, and it may delegate to interested persons, or cities and towns, or other officials, the power of initiative, and declare the extent of jurisdiction. They are matters of state concern, and the exercise of a function of the State. *Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 91 N. E. 939, 93 N. E. 273; *Sauntman* v. *Maxwell* (1900), 154 Ind. 114, 54 N. E. 397; *Kunkalman* v.

*Gibson* (1909), 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; *City of Martinsville* v. *Washington Tp.* (1910), 46 Ind. App. 200, 92 N. E. 191; *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161. The reason for the language used in §2, *supra,* providing, ''Whenever any owner or

1. owners of any separate and distinct tract or tracts of land lying outside the corporate limits of any city or town'' is not far to seek. Cities and towns with the exception created by statute, are by general statute, given exclusive control over streets and highways therein, hence there was no authority originally under the drainage act for landowners outside of cities and towns, constructing drains through them, and the language restricting such petitions to lands outside cities and towns, was necessary in view of the law as it then was. Later enactments, as shown above, changed this condition so as to permit this to be done, and also enlarged the powers of cities and towns, and township trustees, to petition when outside landowners were affected, thus making the conditions for petitioning mutual, though distinct, even though petition by either may affect the other.

The specific objection to the petition is that it does

3. not allege that the lands lie outside a city or town. It does not appear by the petition that they are in a city or town, and we take judicial notice of the location of cities and incorporated towns, and that there is no city or incorporated town upon any of the land described in the petition. *Swails* v. *State* (1853), 4 Ind. 516; *Indianapolis, etc., R. Co.* v. *Case* (1860), 15 Ind. 42; *Indianapolis, etc., R. Co.* v. *Stephens* (1867), 28 Ind. 429; *Louisville, etc., R. Co.* v. *McAfee* (1896), 15 Ind. App. 442, 43 N. E. 36; *Wasson* v. *First Nat. Bank* (1886), 107 Ind. 206, 219, 8 N. E. 97; *State, ex rel.* v. *Gramelspacher* (1890), 126 Ind. 398, 402, 26 N. E. 81; *Mode* v. *Beasley* (1896), 143 Ind. 306, 42 N. E. 727; *Terre Haute, etc., R. Co.* v. *Pierce* (1884), 95 Ind. 496; *Adams* v. *Harrington* (1888), 114 Ind. 66, 14 N. E. 603;

*Smith* v. *Clifford* (1884), 99 Ind. 113, 115; *Louisville, etc., R. Co.* v. *Hixon* (1885), 101 Ind. 337; *Sever* v. *Lyons* (1897), 170 Ill. 395, 48 N. E. 926; *People, ex rel.* v. *Suppiger* (1882), 103 Ill. 434. Also that judicial notice will be taken of a negative as well as of an affirmative proposition of fact. *Harding* v. *Third Presbyterian Church* (1863), 20 Ind. 71; *Ross* v. *Faust* (1876), 54 Ind. 471, 23 Am. Rep. 655; *Peck* v. *Sims* (1889), 120 Ind. 345, 22 N. E. 313; *Chicago, etc., R. Co.* v. *Smith* (1893), 6 Ind. App. 262, 33 N. E. 241; *Wasson* v. *First Nat. Bank, supra; Jackson* v. *State* (1862), 19 Ind. 312.

The question is also sought to be presented for the first time by an assignment of error of the insufficiency of the petition, which is too late after judgment. *Plew* v. *Jones* (1905), 165 Ind. 21, 74 N. E. 618.

It has been held repeatedly, with respect to highway and drainage petitions, that all jurisdictional facts need not appear in the petition, but may be shown by evidence. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E. 871, and cases cited; *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707, and cases cited; *Conaway* v. *Ascherman* (1884), 94 Ind. 187; *Watson* v. *Crowsore* (1884), 93 Ind. 220; *Brown* v. *McCord* (1863), 20 Ind. 270. And it has been held in such cases that if the qualified petitioners have not signed, the question should be presented by remonstrance. *Bronnenburg* v. *O'Bryant* (1894), 139 Ind. 17, 38 N. E. 416.

On its face the petition does not disclose that the lands are not outside the limits of a city or incorporated town, and on its face is good, even if it was necessary to confer jurisdiction that there be petitioners owning land outside the city or town. *Pavey* v. *Braddock* (1908), 170 Ind. 178, 84 N. E. 5; *Kemp* v. *Adams* (1905), 164 Ind. 258, 261, 73 N. E. 590; *Heick* v. *Voight* (1887), 110 Ind. 279, 11 N. E. 306.

The proposition presented by the remonstrance is, that

in 1901, a ditch had been established by the board of commissioners, between the same termini, and over the same course, affecting the same lands in the same manner, to the same extent, and not differently from the proposed drain, and some of the landowners had paid their assessments, and others had expended large sums of money on construction, and that the order establishing the drain is in full force and effect. The petition on its face makes no reference to the construction being proposed over the line of another drain.

Appellees' position is (a) that a plea in abatement cannot be interposed in this class of cases, owing to there being no provision in the act for such plea; (b) that a pleading in bar is unauthorized in this class of cases. It has been held repeatedly that the provisions of the civil code, may be resorted to in special proceedings, when applicable to supply omissions, where no provision is made in the special proceeding act. *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Clarkson* v. *Wood* (1907), 168 Ind. 582, 81 N. E. 572; *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 85 N. E. 1; *Crume* v. *Wilson* (1886), 104 Ind. 583, 4 N. E. 169; *Bass* v. *Elliott* (1886), 105 Ind. 517, 5 N. E. 663; *Kemp* v. *Adams* (1905), 164 Ind. 258, 73 N. E. 590. A plea to the jurisdiction was recognized in *Taylor* v. *Strayer* (1906), 167 Ind. 23, 78 N. E. 236, 119 Am. St. 469.

Two important and controlling questions are presented. If this proceeding be regarded as under §6174 Burns 1908, Acts 1907 p. 508, §19, there is no jurisdiction in a circuit court or superior court to establish a ditch over the line of another ditch, established and constructed by the board of commissioners, but jurisdiction is in that tribunal where the first proceeding was had, at least where it is confined to one county. *Stockton* v. *Pancoast* (1912), 178 Ind. 203, 98 N. E. 122; *O'Toole* v. *Tudor* (1911), 175 Ind. 227, 93 N. E. 276; *Rinker* v. *Hahn* (1910), 175 Ind. 88, 92 N. E. 729. The second proposition is, Can a ditch be established over another ditch which has been con-

structed only partly, and affecting the same lands in the same manner, and to the same degree? The statute by §§6142, 6174 Burns 1908, Acts 1907 p. 508, §§3, 19, seems to us to restrict such action to a constructed drain, by its specific language, and reason seems to confirm that view. Otherwise we might have the case, as here, of two different tribunals of equal jurisdiction in the matter, attempting the construction of the same drain or the same tribunal constructing two drains over the same course at the same time. The confusion which may follow is apparent, and a construction should not be adopted which would lead to such result, if it can be avoided. If our position be not true, the day after a ditch is established, or the contract let for the work in one jurisdiction, it may be established by another jurisdiction, and the same work let to another contractor. Our conclusion therefore is, that when a ditch has been established and ordered constructed, another drain cannot be established and ordered constructed over the same line and between the same termini by the same, or another jurisdiction, but the first proceeding must have been brought to completion, either under the act under which it is established, or under such provision as may be made as by the act of 1907, for completing work under way (§21 Acts 1907 p. 508) before a new proceeding can be applied to the situation, unless it appears that the prior proceeding has been abandoned or terminated by some method known to the law, or becomes impracticable or impossible, as for example, by the repeal of the statute under which the proceeding was begun, with no saving clause. These views are not out of harmony with former holdings of this court upon the proposition that one drain may be laid out over the line of another existing drain. *Rogers* v. *Venis* (1894), 137 Ind. 221, 36 N. E. 841; *Drebert* v. *Trier* (1886), 106 Ind. 510, 7 N. E. 223; *Denton* v. *Thompson* (1894), 136 Ind. 446, 35 N. E. 264; *Hardy* v. *McKinney* (1886), 107 Ind. 364, 8 N. E. 232; *Meranda* v. *Spurlin* (1885), 100 Ind. 380.

The so-called plea in abatement was properly stricken out. The facts pleaded constitute a plea in bar, but a pleading cannot perform the double office of a plea in abatement, and a plea in bar at the same time *Moore* v. *Sargent* (1887), 112 Ind. 484, 14 N. E. 466; *Trent man* v. *Fletcher* (1885), 100 Ind. 105; *Huntington Mfg. Co.* v. *Schofield* (1901), 28 Ind. App. 95, 62 N. E. 106; *Voluntary Relief Dept.; etc.* v. *Spencer* (1897), 17 Ind. App. 123, 46 N. E. 477; *Shick* v. *Citizens Enterprise Co.* (1896), 15 Ind. App. 329, 44 N. E. 48, 57 Am. St. 230; *Alexander* v. *Collins* (1891), 2 Ind. App. 176, 28 N. E. 190. The same facts were pleaded in bar. This was done by supplemental remonstrance, but as jurisdiction of the subject-matter may be raised at any time, appellees are in error, both as to the question of the right to file such plea, and as to the question of its being filed too late.

Upon the motion for a new trial, it is urged that it is shown by the evidence that the proposed drain is so close to a fresh water lake, covering more than ten acres of ground, as to lower the water level in the lake, and is nearer than forty rods to such lake, and does not discharge into a lake. This claim is made under §3 of the act, §6142 Burns 1908, *supra*. The evidence discloses that the proposed drain is through a low lying marshy district, the drainage from which is to the Muscatatuck River. The depressions through which the proposed drain runs, locally called lakes, or ponds, in one instance embraces more than ten acres, but it is disclosed that they all go dry, at times, and when not entirely dry, the water becomes stale, stagnant and covered with green scum, and unhealthful. It is quite certain that they are not lakes, permanent bodies of water, within the meaning of the statute, but are wet weather ponds and shallow basins, forming part of an extended marshy area, with more or less drainage, from the whole, toward the Muscatatuck River, and largely

formed by the back water from the river. *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148.

Complaint is also made of the admission in evidence of the report of the drainage commissioners. Rules of evidence are properly the subject of legislative enactment (*Reitler* v. *Harris* [1912], 223 U. S. 437, 32 Sup. Ct. 248, 56 L. Ed. 497), and the statute provides that such report shall be *prima facie* evidence of the facts stated therein. §6151 Burns 1908, Acts 1907 p. 508, §17; *Zehner* v. *Milner* (1909), 172 Ind. 493, 87 N. E. 209, 24 L. R. A. (N. S.) 383; *McKaig* v. *Jordan* (1909), 172 Ind. 84, 87 N. E. 974; *Sterling* v. *Frick* (1909), 171 Ind. 710, 86 N. E. 65, 87 N. E. 237.

For the reasons here given, and shown by the evidence as to the existence of the former ditch proceeding as alleged, which is embraced within the same termini and course as the proposed and partly constructed drain, the judgment must be reversed with instructions to the court below to sustain the motions for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 99 N. E. 742. See, also, under (1, 5, 7) 14 Cyc. 1030; (2) 14 Cyc. 1025; (3) 16 Cyc. 859; (4) 14 Cyc. 1045; (6) 14 Cyc. 1032, 1036; (9) 14 Cyc. 1029, 1051; (10, 13) 14 Cyc. 1051; (11) 31 Cyc. 156, 157; (12) 14 Cyc. 1037; (14) 14 Cyc. 1042. As to drainage in the aspect of a public use within eminent domain laws, see 102 Am. St. 832.

