## BYERS ET AL. *v.* HOSKINSON ET AL.

[No. 24,129. Filed May 19, 1925.]

1. DRAINS.—*Courts may order construction of ditch across State Highway without providing for construction of bridge to approval of State Highway Commission.*—The circuit and superior courts have jurisdiction to establish and order the construction of a drain across a State Highway without first providing for the construction of a bridge across the ditch which will completely restore the highway to the approval of the State Highway Commission. p. 227.

2. PLEADING.—*Plea in abatement because of another action pending must show identity of two actions by the utmost fullness and particularity of statement.*—A plea in abatement because of the pendency of another action for the same cause must

show the identity of the two actions by setting out the facts relied on for that purpose with the utmost fullness and particularity of statement, leaving nothing to be supplied by intendment or construction.    p. 228.

3.    DRAINS.—*Plea in abatement in drainage proceeding held insufficient.*—A plea in abatement in a drainage proceeding based on the theory that another petition was pending for the construction of substantially the same drain was insufficient which did not state the beginning, course or outlet thereof, but merely alleged that the drain "was established over the route as laid out and described" in the commissioners' report, without alleging that it was the same route that was petitioned for, and not describing any of the lands mentioned in the petition as benefited or any of those assessed for its construction.    p. 228.

4.    DRAINS.—*Fact that flood waters would drain-off through both of two drains proposed would not deprive court of jurisdiction to order second drain.*—The mere fact that two drains would be so located that, after a hard rain, flood waters from a creek valley might drain off through both ditches would not defeat the jurisdiction of the court to order second drain constructed.    p. 228.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Petition by Norman S. Hoskinson and others for construction of drain. From a judgment on demurrer to a plea in abatement in favor of petitioners, the remonstrants appeal. *Affirmed.*

*U. W. Youngblood,* for appellants.
*Caleb J. Lindsey,* for appellees.

EWBANK, J.—Appellees filed a petition for the construction of a public drain in Warrick county from a point in the channel of the Barren fork of Cole creek near the town of Tennyson, southeast for 2,000 feet along the bed of the stream, and thence leaving the creek bed and running due south, cutting through a little ridge and crossing a state highway, to an outlet in Pigeon creek.

The alleged reasons for which a new trial was asked were based on the contention of counsel that the court

had no jurisdiction to establish the drain and
1.  order it constructed across a state highway with-
out first providing for the construction of a
bridge across the ditch which would completely restore
the highway, to the approval of the State Highway
Commission. That they were in error in this conten-
tion was decided a few months ago, and we adhere to
that decision. *State* v. *Douglas* (1924), *ante* 207, 144
N. E. 548. Appellants and other defendants filed a
plea in abatement, setting up the pendency of another
drainage proceeding in which the court was alleged to
have established a drain and ordered it constructed some
three years before the petition was filed in the case at
bar, concerning which the plea stated "that said drain
has never been constructed." But so far from stating
facts showing that it was "another drain  *  *  *
over the same line and between the same termini"
(*Shields* v. *Pyles* [1912], 180 Ind. 71, 79, 99 N. E. 742),
this plea stated no facts whatever as to the beginning,
course or outlet of the drain alleged to have been peti-
tioned for and ordered constructed in the other action,
and, indeed, alleged scarcely any facts at all. It merely
averred that two persons who then owned the lands de-
scribed in the petition in the case at bar as belonging
to one of the three petitioners (naming him) had joined
in the petition by which the former action was insti-
tuted, and that said cause was docketed, commissioners
were appointed, who made a favorable report, and "said
drain was established over the route as laid out and de-
scribed in said report," (not alleged to be the same as
had been petitioned for, nor otherwise described), and
that, after lying dormant nearly three years, the pro-
ceeding had been revived on the day the petition in this
case was filed, and was still pending. And it also stated
conclusions to the effect that "a large number of the
then owners (not named) of lands described in the

petition herein as affected" (not in any manner identi-
fied) had joined in the petition for drainage in the other
case, and that said petition prayed "for the construc-
tion of a drain for the purpose of furnishing drainage
for the same land that the proposed drain in this cause
is proposed to furnish drainage for, and for the pur-
pose of taking care of and carrying away the same
water from the same watershed that the proposed drain-
age herein will take care of and carry away."

A plea in abatement because of the alleged pendency
of another action for the same cause must show the
identity of the two actions by setting out the
2-4. facts relied on for that purpose "with the ut-
most fullness and particularity of statement, as
well as the highest attainable accuracy and precision,
leaving, on the one hand, nothing to be supplied by in-
tendment or construction, and on the other no sup-
posable special answer unobviated." *Needham* v.
*Wright* (1895), 140 Ind. 190, 194, 39 N. E. 510; *Brown-
Ketcham Iron Works* v. *George B. Swift Co.* (1913),
53 Ind. App. 630, 637, 100 N. E. 584. Appellant's plea
fell short of this requirement. Giving neither the be-
ginning, course nor outlet of the drain as petitioned for
in the former action or as therein ordered to be con-
structed, and not describing any of the lands mentioned
in the petition as benefitted, or any of those assessed
for its construction, the plea cannot be aided by intend-
ment. Nothing alleged in it disputes the possibility
that the other drain may have begun at a different
place and followed the valley of Cole creek to its outlet
three or four miles east of the most eastern point in
the course of the drain petitioned for in the case at bar,
while the course of the latter drain leaves Cole creek
after following it for 2,000 feet, and runs a mile and
a half nearly due south across a little ridge to an outlet
in Pigeon creek, seven or eight miles down stream from

where Cole creek flows into that creek. The mere fact that the two drains would be so located that after a hard rain flood waters from the valley of Cole creek might drain off through both ditches, in different directions, would not defeat the jurisdiction of the court to order the second drain constructed. It was not error to sustain the demurrer to the plea in abatement.

For the same reasons, the special plea of appellant Sargent was insufficient to present any question not already put in issue by the remonstrance in which he had joined with his coappellants, and no error was committed in striking it out.

The judgment is affirmed.