## DORMAN v. DORMAN

[No. 168A11. Filed July 9, 1968. No Petition for Rehearing filed.]

*Donald R. Ewers, Schnatter and Ewers,* of Jeffersonville, for appellant.

*Howard J. Snyder,* and *Pointer, Snyder, Paynter and Risinger,* of Jeffersonville, for appellant.

FAULCONER, J.—This is an appeal from a judgment of the Clark Superior Court which judgment modified a previous divorce judgment as to the amount of child support.

Acts 1963, ch. 279, § 1, p. 424, being § 4-214, Burns' 1968 Replacement, provides in pertinent parts as follows:

> "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:
>
> \* \* \* \* \*
>
> Fifteenth. All appeals from judgments in which an award is made concerning the permanent care and custody of a minor child or minor children."

Interpreting the above 1963 Amendment, Judge Bierly, speaking for this court in *Crowe v. Crowe* (1965), 137 Ind. App. 225, 207 N. E. 2d 220, 221, 5 Ind. Dec. 476, involving almost identical facts, stated:

"It is our opinion that this appeal falls within the phraseology of the fifteenth clause of § 4-214, *supra*, and, therefore, the Appellate Court lacks jurisdiction."

The *Crowe* case was transferred to the Supreme Court and decided on its merits by that court on November 4, 1965. See *Crowe v. Crowe* (1965), 137 Ind. 225, 211 N. E. 2d 164, 6 Ind. Dec. 688.

The fact that neither party has raised the question of the jurisdiction of this court as to this appeal does not prevent us from so doing.

Under the authority of the statute above set forth and the above decision it is our opinion that exclusive jurisdiction of this appeal rests in the Supreme Court and that the same should be transferred to the Supreme Court.

This appeal is, therefore, ordered transferred to the Supreme Court and the clerk of the Supreme and Appellate Courts is hereby directed to notify attorneys of record of this order.

Carson, C.J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 492.