NOVEMBER TERM, 1867.          429

The Indianapolis and Cincinnati Railroad Company v. Stephens.

———————o———————

| 28 | 429 |
| 126 | 403 |

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* STEPHENS.

RAILROADS.—The courts will not take judicial notice whether a railroad company owns and operates a road through a particular county, when there is no law prohibiting it from doing so.

The Indianapolis and Cincinnati Railroad Company v. Stephens.

GEOGRAPHY.—JUDICIAL NOTICE.—Judicial notice will be taken of the geo-graphical position of *Hazelrigg Station.*

APPEAL from the *Boone* Common Pleas.

GREGORY, J.—Suit by *Stephens* against the railroad company for killing a horse. The complaint avers that on, &c., at the county of *Boone* and State of *Indiana,* the defendant, then using and running and controlling *The Indianapolis and Cincinnati Railroad,* did then and there run and drive their locomotive and train of cars against and over one dark brown gelding horse, the property of the plaintiff, of the value of $200, thereby killing the horse; and that the railroad was not then and there securely fenced in by the company nor any other person in their behalf. The appellant demurred to the complaint on the grounds:

1. That the court had no jurisdiction of the person of the defendant.

2. That the complaint did not state facts sufficient.

The demurrer was overruled, and this is assigned for error.

It is contended that the appellant's road terminates at *Indianapolis;* that the company owns no road running through *Boone* county, and that this court will take judicial knowledge of that fact. There is nothing in the law that prohibits the appellant from running and operating a railroad through the county of *Boone,* and whether it does so or not is a fact to be averred and proved as any other fact. We think the court below committed no error in overruling the demurrer.

The appellant answered by the general denial. Trial by the court; finding for the plaintiff; motion for a new trial overruled. The appellant excepted, and sets out the evidence in a bill of exceptions, and contends that there is no proof that the horse was killed in *Boone* county. The proof is, that the horse was killed about a half mile northwest of *Hazelrigg* station. It is urged that the court will not take judicial knowledge of the geographical position

of *Hazelrigg* station. This point is settled by this court in *The Indianapolis and Cincinnati Railroad Co.* v. *Case*, 15 Ind. 42, and we think correctly.

The judgment is affirmed, with five per cent. damages and costs.

*W. Cumback*, *S. A. Bonner* and *J. D. Miller*, for appellant. *O. S. Hamilton* and *C. C. Galvin*, for appellee.