SOLOMON MORRIS, plaintiff in error, *vs.* WILLIAM T. DAVIDSON, assignee, defendant in error.

1. Where, after the levy of a mortgage *fi. fa.*, the property subject thereto was, by consent of the mortgagor and mortgagee, sold by auctioneers, and the proceeds paid into Court for distribution, the assignee of the mortgagor, proceedings in bankruptcy having been, previous to said sale, commenced against him, was entitled to the fund.
2. If the money in controversy had been raised by a judicial sale of the property of the bankrupt by the sheriff, on final process, in the enforcement of a lien of a prior date to the commencement of the proceedings in bankruptcy, there would have been no impropriety in the appropriation of the same to the satisfaction of the mortgage lien.
3. After it is shown to the Court that the defendant had been declared a bankrupt, judicial notice will be taken of the fact that all his property and effects were vested by operation of law in his assignee.

Bankrupt. Mortgage. Judicial sale. Evidence. Before Judge GOULD. City Court of Augusta. May Term, 1873.

For the facts of this case, see the decision.

BARNES & CUMMING, for plaintiff in error.

1st. The mortgage was valid, and covered all the property sold.

2d. The mortgage lien being valid, the proceeds of the sale, either under our own statutes or in bankruptcy, are to be first applied to the mortgage debt.

3d. The Court below had jurisdiction of the parties and the subject matter, and was competent to apply the money as the Bankrupt Court would have done, viz.: to the satisfaction of the valid lien : Gilbert, assignee, *vs.* Priest, Sup. Ct. of New York ; Shearman *vs.* Bingham, Sup. Ct. U. S. 7 National Bankruptcy Register, 490; 44 Georgia, 133.

FRANK H. MILLER, for defendant.

1st. Any person interested had the right to claim the money or tender an issue : 7 Georgia, 52, 56 ; 17 *Ibid.*, 521 ; 24 *Ibid.*, 146.

2d. An auctioneer of the city of Augusta is bound to pay over the proceeds of sale to the lawful owner: Act December 24, 1827, section 1; and the lawful owner at the time of the sale, February 26, 1872, was the assignee : 40 Georgia, 258 ; 44 *Ibid.*, 460.

3d. The sale, by consent of Simon and the plaintiff, waived the levy and made it a private sale: 13 Georgia, 485 ; 43 *Ibid.*, 400.

4th. By acting on the consent of Simon, and having the sale on ten days' notice, Morris accepted a preference, which is void under the bankrupt law: 13 Wal., 40; Clark, assignee, *vs.* Iceland, C. C. U. S. D. N. Y.; 14 *Ibid.*, 87, Bump's Bank, 6 Ed., 540, 543-4-5-6, 552-3-4.

5th. The lien of Morris attached only to goods on hand at the date of the mortgage, and it was incumbent on him to show that those sold were on hand as against the rights of the assignee : 45 Georgia, 213.

6th. If the lien of the mortgage is good on the proceeds of sale, Morris must prove his debt in bankruptcy, because the goods have been turned into cash by consent of the bankrupt,

after adjudication, and without the mortgagee's enforcing his legal remedies : 40 Georgia, 258.

WARNER, Chief Justice.

On the 17th of July, 1871, Simon mortgaged his stock in trade to Morris. The mortgage was recorded on the 13th of August, 1871, and foreclosed on the 5th of February, 1872, and on the same day the sheriff levied the mortgage *fi. fa.* on the mortgaged property. On the 7th of February, 1872, proceedings in bankruptcy were commenced against Simon. On the 11th of February, Morris and Simon entered into an agreement that the property should be sold, and the same was sold, by the assent of the sheriff, through Bignon & Crump, auctioneers, as his agents. Other creditors of Simon sued out summons of garnishment against the auctioneers, Bignon & Crump, who answered that they had in their hands $547 88, as proceeds of said sale, which sum was paid into Court, by consent of all parties, subject to be disposed of upon a motion to pay the same over to Davidson, who had been appointed assignee of Simon subsequent to the sale. On hearing the motion to dispose of the money, the Court ordered it, over the objection of the mortgage creditor, to be paid to Davidson, the assignee. Whereupon Morris, the mortgage creditor of Simon, excepted.

1. The stock in trade covered by the mortgage was not sold by the sheriff at a *judicial* sale, as prescribed by law, but was sold by consent of the mortgagor and mortgagee, as before stated, and the question is whether the mortgagee is entitled to the proceeds of the sale of the stock in trade, under the facts of the case, or whether the assignee in bankruptcy is entitled thereto. The answer to this question must be controlled by the Bankrupt Act of Congress. By the 14th section of that Act, the title to all the property of the bankrupt was, by operation of law, vested in the assignee from the time of the commencement of proceedings in bankruptcy, and although the property of the bankrupt debtor may have been attached

on *mesne* process within four months prior thereto, such process of attachment was dissolved.

2. If the money in controversy had been raised by a judicial sale of the property of the bankrupt by the sheriff on final process, in the enforcement of a lien of prior date to the commencement of the proceedings in bankruptcy, and thus have brought the money into the State Court, there would have been no impropriety in the appropriation of the money by the Court to the satisfaction of the mortgage lien, but the money was not brought into Court by *final process*. The bankrupt's property was sold at private sale, by an agreement between the mortgagor and mortgagee, the auctioneers being employed for that purpose, who were garnished, and the money brought into Court in that way, which garnishments were dissolved by operation of law.

3. The money was in Court, but not brought there by any final process issuing therefrom, and it had been raised by a private sale of the bankrupt's property after he was declared a bankrupt. What was the Court to do with it? The Court was bound to take judicial notice, after it was shown that Simon had been declared a bankrupt, that all his property and effects was vested, by operation of law, in the assignee, who was before the Court claiming the money as a part of the assets of the bankrupt. But Morris, the mortgagee of Simon, insists that he had a specific lien on the property, from the sale of which the money was made, and, therefore, he has a specific lien on the money. The reply is, if that be so, inasmuch as the money was not brought into the State Court by any final process to enforce any mortgage lien in favor of Morris, and the assignee being entitled to all the assets of the bankrupt, under the provisions of the bankrupt law of Congress, the money should be paid over to him, and the mortgagee must go into the Bankrupt Court and assert his lien there. In view of the facts disclosed in the record, there was no error in ordering the money to be paid to the assignee in bankruptcy.

Let the judgment of the Court below be affirmed.