The State, *ex rel.* Schumacher, Auditor, *v.* Gramelspacher *et al.*

cited.    See authorities collected in note 2, Elliott Roads and Streets, 470.

Judgment affirmed.

Filed Dec. 19, 1890.

———————◆———————

No. 13,980.

THE STATE, EX REL. SCHUMACHER, AUDITOR, *v.* GRAMELS-PACHER ET AL.

INDIANA UNIVERSITY.—*Lands of.—Act of Congress Relating thereto.—Selection of Lands by Governor.—Judicial Knowledge.*—The courts will take judicial knowledge of the act of Congress, approved February 23d, 1854, which authorized the Governor of Indiana to select out of lands of the United States, within the State of Indiana, a certain number of acres of land for which patents should issue to the State of Indiana, after proper certification of the selection of the land had been made to the Secretary of the Interior, the proceeds of said land, when sold, to be and forever remain, a fund for the use of the Indiana University. They will also take judicial knowledge of the public acts of the Governor of Indiana in exercising the authority conferred upon him by the statute in making selection of the land, and the patent issued to the State by the Secretary of the Interior for the land so selected by the Governor. They will also take judicial knowledge that a particular tract of land was selected by the Governor of Indiana, and a patent therefor issued for the same to the State by the Secretary of the Interior under and in accordance with said act of Congress.

SAME.—*Action for Waste.—Auditor of County Must Bring.*—The auditor of the county is authorized by section 4648, R. S. 1881, to bring an action in the name of the State for the use of the university, when there has been a sale of any of the land selected by the Governor in accordance with the provision of said act of Congress, to recover any waste committed in case of forfeiture by the purchaser.

SAME.—*Lands of.—Duties of Trustees as to.— Waste.—Complaint.*—The statute defines the duties of the board of trustees of the Indiana University in relation to said land, and fixes their relations thereto, and they can not become the owners of the legal title. In an action for waste, ownership alleged in the complaint in the trustees must be construed to mean that they occupied such relation to the land as designated by the statute.

SAME.—*Recovery for Waste.—Against whom May be Had.*—The statute does

not authorize a recovery for waste against a purchaser of said land, unless he committed the waste, or it was done with his knowledge or permission. Where the land is purchased by A. and B., and the evidence shows the waste to have been entirely committed by A., and there is no evidence to indicate that B. was a party to or had knowledge of the waste, a recovery can not be had against him.

From the Dubois Circuit Court.

*J. E. McCullough, J. H. Miller* and *B. Buettner,* for appellant.

*W. A. Traylor* and *W. S. Hunter,* for appellees.

OLDS, C. J.—This is an action by the State, on relation of Isadore Schumacher, auditor of Dubois county, appellant, for the use of the Indiana University, against John Gramelspacher and Tobin Wertz.

It is alleged in the complaint that on the 14th day of July, 1883, the trustees of the Indiana University were the owners of certain described real estate in Dubois county ; that on the said day the relator was auditor of said county, and as auditor sold said real estate to the defendants, at public auction, for the sum of $903, said sum being the full appraised value of said land, on the following terms : one-fourth cash, and the remaining three-fourths payable at the end of ten years, with interest at 7 per cent., payable annually in advance ; that defendants paid the cash payment, and said auditor issued to them a certificate of purchase, and recorded said certificate in a book kept in his office for that purpose ; that said defendants took immediate possession of said land under said sale and certificate, and have continued to hold, and now hold, the undisputed possession of said land ; that at the time the defendants took possession of said land there were standing and growing thereon a large number of valuable trees, and a large amount of wood and timber, of the value of $2,000, and that since taking possession of the same said defendants have cut and removed all of said timber, wood, and trees, of the value of $2,000, without the consent of the trustees of the Indiana University, or any other per-

son authorized to give such consent; that said defendants paid the interest due on the 14th day of July, 1884, but have failed and neglected to pay any interest since that time ; that by failure to pay the amount of interest due July 14th, 1885, they forfeited said land, and that said interest and deferred payment are wholly unpaid.   Prayer for judgment against defendants for the value of the timber and damage to the land.

Appellees filed a demurrer to the complaint, which was overruled and exceptions reserved, and the ruling is assigned as a cross-error.

The cause was put at issue by an answer of general denial, and submitted to the court for trial without the intervention of a jury, and on proper request of the appellant the court found the facts and stated its conclusions of law, which were in favor of the appellees.   The appellant excepted to the conclusions of law, also filed a motion for a new trial, which was overruled.   Errors are assigned that the court erred in its conclusions of law, and in overruling the motion for a new trial.   The only errors discussed by appellant arise on the exceptions to the conclusions of law.

The facts found by the court are, in substance, as follows : The relator is, and for six years has been, auditor of Dubois county.   On July 14th, 1883, after having given four weeks' notice of the time and place of sale by publication for four weeks successively in a newspaper published in Dubois county, Indiana, and by posting up printed notices thereof in three of the most public places in the township where the land is situated, and a like notice at the court-house door in the town of Jasper, in said county, thirty days before the day of sale, said auditor did, on the day last above named, and being the day mentioned in the notice, sell at public auction, at the door of the court-house in said county, to the defendants, Wertz and Gramelspacher, for the sum of $903, said real estate, describing it ; that said purchasers paid in cash on day of sale $225.75, whereupon said auditor is-

sued to them a certificate of purchase, setting out a copy of it, which certificate describes the real estate, states the fact of the sale and the terms of it, and follows with the condition that "Should the said T. Wertz and John Gramelspacher, or their assigns, pay the said sum of $677.25 within two years from date, with 7 per cent. interest annually in advance until paid, he or they shall be entitled to a patent for said lands from the State of Indiana. But on failure to pay any instalment of interest on the deferred payment of purchase-money, or said residue of purchase-money, when the same becomes due, this contract shall become forfeited, and the said lands shall immediately revert to said State for the use of the Indiana University, said lands being granted by the United States to said State for the use of said University;" that the certificate was duly recorded in the auditor's office in a book kept for that purpose; that the treasurer of said county attended said sale; that said defendants, at the time of the purchase, paid the interest for one year in advance, and in December, 1884, paid the one year's interest due July 14th, 1884, and thereafter defendants failed to pay the interest on the unpaid purchase-money, and the same remains wholly unpaid; that, after the date of said sale, and in the years 1883, 1884 and 1885, the defendant Gramelspacher and his employees cut down and removed from said land timber, trees growing thereon of the value of $250, and committed unnecessary injury and waste to said land, amounting to that sum; that said land, at the time of said sale, was, and yet remains, unencumbered, uncultivated wood land.

There are statements in the finding as follows:

"Whether any one of the trustees of the Indiana University attended said sale, or whether said land had been appraised, is not shown by the evidence;" and "there being no evidence that the defendant Wertz cut any of said trees, or in any way participated in the cutting or removing of said

timber, the court finds for the defendant Wertz on said issue."

These statements amount to nothing. If they relate to facts material to the issue the finding is the same as if it were silent in regard to them.

The court stated its conclusions of law in the nature of a finding, as follows:

" As a conclusion of law upon the foregoing facts the court finds that the plaintiff has not shown that the trustees of the Indiana University own said land, and therefore finds for the defendants." The tract of land in controversy and described in the complaint and certificate of purchase, is the east half of the southeast quarter of section 23, in township 2 south, of range 3 west, in Dubois county.

The decision of the question presented depends upon whether or not the courts of this State will take judicial knowledge of the title to this tract of land being in the State of Indiana, having been selected by the Governor of the State, and a patent issued to the State for the same, in pursuance of an act of Congress, approved February 23d, 1854. 10 U. S. Statutes at Large, p. 267.

It has been held by the Supreme Court of Illinois, in the case of *Smith* v. *Stevens*, 82 Ill. 554, that the court will take judicial notice that the United States was the proprietor of section 17, township 39 north, range 14 east, and that it granted the same to the State of Illinois, and that said section is in the county of Cook, in said State, and can by no possibility be anywhere else.

It is a well-established principle that courts will take judicial notice of the history of the country, and of the State. The history of the State, or of the country, like the law, will be investigated by the court from its own proper resources.

In *Andrews* v. *Board*, etc., 70 Ill. 65, it was held that the court would take judicial knowledge of the result of an election for the removal of a county-seat.

In the case of *Hart* v. *State*, 55 Ind. 599, it was held that

courts would take notice of the different classes of notes and bills in circulation as money at a particular time.

In *French* v. *Town of Barre*, 58 Vt. 567, it is held .that courts will take judicial notice of the fact that a certain village is not incorporated, and in *People, ex rel.*, v. *Williams*, 64 Cal. 87, it is held that courts will take judicial notice of the result of the census taken by the United States. In *Williams* v. *State*, 64 Ind. 553, it is held that courts will take judicial notice of the history of this State, and its topography and condition. *Henthorn* v. *Doe*, 1 Blackf. 157; *Lewis* v. *Harris*, 31 Ala. 689. In *Worcester, etc., Bank* v. *Cheney*, 94 Ill. 430, it is held that the courts will take judicial notice of the population of the counties by the census. *Conger* v. *Weaver*, 6 Cal. 548. The Supreme Court of the United States takes judicial notice of the person who from time to time presides over the patent office, whether permanently or temporarily. *New York, etc., R. R. Co.* v. *Winans*, 17 How. 30.

On the subject of judicial notice, see 28 American Law Reg., pp. 193, 321 and 449; *Miller* v. *City of Indianapolis*, 123 Ind. 196; *Peck* v. *Sims*, 120 Ind. 345; *Cash* v. *Auditor, etc.*, 7 Ind. 227. In this last case it is held that this court will take notice judicially of the geographical position of the falls of the Ohio river. *Atwater* v. *Schenck*, 9 Wis. 151; *Hill* v. *Bacon*, 43 Ill. 477; *Wright* v. *Phillips*, 2 Greene (Iowa), 191; *Hypfner* v. *Walsh*, 3 Greene (Iowa), 509; *Ross* v. *Faust*, 54 Ind. 471; *Dawson* v. *James*, 64 Ind. 162; *Indianapolis, etc., R. W. Co.* v. *Lyon*, 48 Ind. 119; *Indianapolis, etc., R. R. Co.* v. *Stephens*, 28 Ind. 429; *Kalbrier* v. *Leonard*, 34 Ind. 497; *Stultz* v. *State, ex rel.*, 65 Ind. 492; *Carr* v. *McCampbell*, 61 Ind. 97; *Perkins* v. *Rogers*, 35 Ind. 124; *Urmston* v. *State, ex rel.*, 73 Ind. 175; *State* v. *Swift*, 69 Ind. 505; *Murphy* v. *Hendricks*, 57 Ind. 593.

Courts take judicial knowledge of acts of Congress. *Morris* v. *Davidson*, 49 Ga. 361; *Chesapeake, etc., Canal Co.* v. *Baltimore, etc., R. R. Co.*, 4 Gill and J. (Md.) 1–63; *Kessell* v. *Albetis*, 56 Barb. (N. Y.) 362; *Mims* v. *Swartz*, 37 Texas,

The State, *ex rel.* Schumacher, Auditor, *v.* Gramelspacher *et al.*

13; *Bird* v. *Comm.*, 21 Gratt. (Va.) 800; *Bayly* v. *Chubb*, 16 Gratt. (Va.) 284; *The Scotia*, 14 Wall. 170; *Gooding* v. *Morgan*, 70 Ill. 275.

By the act of Congress, approved February 23d, 1854, *supra*, it is provided "That the Governor of the State of Indiana be authorized to select out of lands of the United States, within the said State, now subject to private entry, nineteen thousand and forty acres of land in legal subdivisions, and shall certify the same to the Secretary of the Interior, who shall, forthwith, on receipt of said certificate, issue, to the State of Indiana, patents for said lands: *Provided,* The proceeds of said lands, when sold, shall be, and forever remain, a fund for the use of the Indiana University."

Courts will take judicial knowledge of this act of Congress, also the public acts of the Governor of the State of Indiana in exercising the authority conferred upon him by this statute in making the selection of the land and the patent issued to the State by the Secretary of the Interior for the land so selected by the Governor. These are public acts, performed by high officials of the State and national Government, by authority of an act of Congress granting to the State a large tract of land within this State for the use of an institution of learning. They constitute a material fact in the history of the State, and are of general notoriety, of which courts will take judicial notice, and courts, therefore, will take judicial knowledge that the south half of the southeast quarter of section 23, town. 2 south, range 3 west, was selected by the Governor of the State of Indiana, and a patent therefor issued for the same to the State by the Secretary of the Interior under and in accordance with said act of Congress.

This disposes of the only material question in the case. Section 4648, R. S. 1881, authorizes the action to be brought by the county auditor in the name of the State for the use of the University, to recover any waste committed in case of forfeiture.

The State, *ex rel.* Schumacher, Auditor, *v.* Gramelspacher *et al.*

While the complaint is badly constructed, yet we think it shows that the land was sold by the auditor to the appellees, and that there was a forfeiture by reason of the failure of the purchasers to pay the annual interest on the deferred payment, and that they had committed waste by cutting and removing a large amount of valuable timber, whereby they became liable to an action therefor. The court having judicial knowledge as to the title to this land, in view of the other facts alleged, the ownership alleged in the trustees must be construed to mean that they occupied such relation to the land as designated by the statute.

The statute defines the duties of the board of trustees of the Indiana University in relation to this particular land, and fixes their relation thereto, and they could not become the owners of the legal title. They are charged with certain duties under the statute in regard to such lands, and occupying such relation as they do to it they could not have purchased the same.

In construing the complaint the court must keep in mind that the ownership of this land is in the State for the use of the University, and with the ownership thus fixed, the facts alleged in the complaint show a sale of such land by the auditor of Dubois county in accordance with the statute authorizing the sale of the lands held by the State for the use of the Indiana University.

The averments, as a whole, when construed in the light of the knowledge that the State owns the land, show the title to be in the State for the use of the University, and that it was sold by the county auditor and forfeited, and that the purchasers cut and removed timber and trees from it.

The objections made to the complaint on the cross-assignment of errors, that it does not show that the auditor made the sale at the request of the board of trustees of the Indiana University, and that it does not show that any appraisement was made and filed, are not well taken.

The presumption is that the auditor and the board of

trustees discharged their duties, and this is true as to the special findings of fact.

The findings of fact show a sale by the auditor to the appellees, and a forfeiture and waste committed by appellee Gramelspacher, and the facts found authorize a judgment in favor of the appellant against Gramelspacher for the amount of the waste committed and damage done, and the court erred in its conclusion of law as to Gramelspacher.

As to the appellee Wertz the facts found show he was in no way connected with the cutting or removing of the timber. We do not think the statute authorizes a recovery against a person in no way responsible for the injury or waste to the land. For aught that appears it may have been done in his absence and without his knowledge or against his protest. We do not think the statute authorizes a recovery against a purchaser unless he committed the waste, or that it was done with his knowledge or permission. The statute authorizes the recovery of a judgment for double the amount of the waste done, which in this case, under the facts found, would be five hundred dollars.

The judgment is reversed, with instructions to the court below to restate its conclusions of law in accordance with this opinion, and to render judgment in favor of appellant against appellee Gramelspacher for the sum of $500, and in favor of the appellee Wertz.

Filed Jan. 6, 1891.