Louisville, New Albany and Chicago Railway Co. *v.* McAfee.

No. 1,431.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY Co. *v.* MCAFEE.

EVIDENCE.—*Judicial Notice.*—The court will take judicial notice of the county in which a given station on a specified railroad is located.

RAILROAD.—*Private or Farm Crossing. — Statute Construed.* — A crossing 40 feet wide, over a railroad which runs parallel with and adjoining a highway, is not necessarily a private farm crossing, within the meaning of sections 5320–5321, R. S. 1894, making it the duty of the adjoining land-owner to erect and maintain bars or gates, where the crossing has been maintained by the railroad company, and used by the public in reaching the highway for thirty-eight years.

From the Tippecanoe Superior Court.

*J. F. McHugh*, for appellant.

*Rice & Potter*, for appellee.

DAVIS, J.—This action was begun by appellee, against the appellant, to recover damages for the killing of stock at a point on the defendant's line of road, where it is claimed the appellant was bound to erect and maintain a fence. The appellant answered by a general denial. A trial by the court resulted in a finding and judgment in favor of the appellee for $500.00. The only error assigned is that the court erred in

overruling appellant's motion for a new trial. The reasons assigned in the motion for a new trial are:

1.   That the finding of the court is contrary to the evidence.

2.   That the finding of the court is not sustained by sufficient evidence.

3.   That the finding of the court is contrary to law.

Counsel for the appellant 'insist that the appellee failed to prove, on the trial, the jurisdictional fact that the animals were struck and the injury inflicted in Tippecanoe county, the county where the action was brought.

Under the authorities the evidence on this point is sufficient. The court will take judicial notice that Ash Grove is a station on the Louisville, New Albany & Chicago railway, in Tippecanoe county, Indiana. *Indianapolis, etc., R. R. Co.* v. *Case,* 15 Ind. 42; *Indianapolis, etc., R. R. Co.* v. *Stephens,* 28 Ind. 429; *Indianapolis, etc., R. W. Co.* v. *Lyon,* 48 Ind. 119. The Stephens case, *supra,* is directly in point.

It is next insisted that the evidence clearly and conclusively proves, without conflict, that the place at which the animals entered upon appellant's right-of-way was a farm crossing, and that it was the duty of appellee to erect bars or gates, and, hence, that the appellant is not liable.

The railroad of appellant runs north and south. On the east side of the railroad, adjacent to it and parallel therewith, is a public highway. At the crossing in question, the appellee owns the real estate west of the railroad, and he also owns the real estate east of the highway. The crossing (in connection with lanes, or ways, extending both east and west through appellee's land) has been maintained by the appellant for at least thirty-eight years. The lanes and ways have been maintained by appellee and his tenants. At the

time of the accident, the railroad was fenced on the east side, with the exception of a space forty feet in length, at the crossing. No cattle-guards were then maintained on the south side of the crossing. The animals got out of the enclosure upon the public highway, thence traveled south on the public highway till they came to the crossing, where they entered on appellant's right-of-way, and then went south on the railroad about three hundred feet, where they were struck. The crossing had been used by the public in reaching the highway from the west for thirty-eight years.

As before observed, the railroad separates the land owned by appellee on the west side from the public highway on the east side. *Louisville, etc., R. W. Co.* v. *Hughes,* 2 Ind. App. 68.

Under the circumstances, the court would not be justified in saying that the only inference which could be fairly drawn by reasonable men, from the evidence, was, that the crossing in question was a private farm crossing within the meaning of sections 5320 and 5321, R. S. 1894, and that it was the duty of the appellee to erect and maintain bars, or a gate, forty feet in length in the fence separating the right-of-way from the public highway.

We find no reversible error in the record.

Judgment affirmed.

Filed March 3, 1896.