IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1909,
IN THE NINETY-THIRD YEAR OF THE STATE.

---

BERKEMEIER ET AL. *v.* THE STATE OF INDIANA,
EX REL. NOELTING ET AL.

[No. 6,702. Filed June 1, 1909.]

1. PLEADING.—*Complaint.—Setting Out Written Instruments.*—A complaint founded upon a written instrument should set out such instrument. p. 3.

2. APPEAL.—*Complaint.—Failure to Set Out Written Instrument.—Trial Upon Merits.*—The overruling of a demurrer to a complaint founded upon a written instrument, which complaint failed to set out such instrument, is not reversible error, where the merits of the case have been fairly determined (§350 Burns 1908, §345 R. S. 1881). p. 4.

3. PLEADING.—*Amended Complaint.—Demurrer.—Reference to Exhibits of Original Complaint.*—The overruling of a demurrer to an amended complaint founded upon a written instrument, such complaint referring to, and making a part thereof, a copy of such instrument attached to the original complaint, does not constitute reversible error, especially where the instrument was read in evidence without objection. p. 5.

4. PLEADING.—*Complaint.—Intoxicating Liquors.—Loss of Support.*—A complaint against a saloon-keeper by relators—a wife and children—for loss of support, is not bad because it alleges that defendant saloon-keeper sold to the husband large quantities of liquor, such complaint not limiting the amount to five gallons, nor because it failed to allege that, at the time of the sales, such husband was intoxicated, to defendant saloon-keeper's knowledge, nor because it alleges that defendant saloon-keeper was licensed to sell in quantities less than a quart at a time. p. 6.

5. INTOXICATING LIQUORS.—*Unlawful Sales.—Knowledge of Intoxication.*—In an action for support by relators—a wife and children—against a saloon-keeper and his sureties, for such saloon-keeper's selling liquor to the husband while he was intoxicated, it is unnecessary to prove that the saloon-keeper or his agents knew that such husband was intoxicated at the time. p. 6.

6. TRIAL.—*Evidence.—Intoxicating Liquors.—Unlawful Sales.*—In an action for loss of support caused by a saloon-keeper's unlawful sale of liquors it is necessary to establish (1) the sale or gift of the liquor by defendant, (2) resulting intoxication, and (3) resulting loss of plaintiff's support. p. 6.

7. TRIAL.—*Instructions.—Intoxicating Liquors.—Loss of Support.*—Instructions in an action against a saloon-keeper and his sureties for support, that the relator wife, during her life, is entitled to support and maintenance by her husband, that the relator children are entitled to support until they are twenty-one years old, that in estimating damages the character, capacity, business, and habits of the husband should be considered, that if some of the liquor sold by defendant contributed to the husband's intoxication, and if such intoxication proximately caused a loss of support to the relators they should recover, and that if defendant sold liquor to the husband while intoxicated and by reason thereof he committed a crime because of which he was imprisoned, the relators are entitled to recover, taken together, fairly state the law applicable to such case. p. 6.

8. EVIDENCE.—*Consideration of, by Jury.—Presumptions.*—The presumption is that in arriving at its verdict, the jury considered all the evidence before it. p. 8.

From Daviess Circuit Court; *Milton S. Hastings,* Special Judge.

Action by the State of Indiana, on the relation of Ida Noelting and others, against William Berkemeier and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Cullop & Shaw* and *Alvin Padgett,* for appellants.

*James S. Pritchett, A. J. Padgett* and *Gardiner, Tharp & Gardiner,* for appellee.

COMSTOCK, P. J.—Appellee brought this action against appellants to recover damages on the bond of appellant Berkemeier, on which appellants Propes and Schmidt were sureties. It is alleged that the relators were damaged in their

means of support on account of intoxicating liquors unlawfully sold to Joseph Noelting, the husband of Ida Noelting, and the father of the other relators, on account of which unlawful sales said Joseph Noelting shot and killed Herman Pepmeier, for which act said Joseph Noelting was indicted, tried and convicted of murder in the second degree and sent to prison for life.

The action was commenced in the Knox Circuit Court, and upon change of venue was taken to the Daviess Circuit Court, where an amended complaint was filed. To this amended complaint a demurrer for want of facts was overruled and the issues formed by general denial. A trial resulted in a verdict and judgment for appellee in the sum of $500.

Errors assigned are in overruling the demurrer to the amended complaint and appellants' motion for a new trial.

The complaint is objected to (1) because no copy of the bond was filed with it; (2) because it states that defendant sold to Joseph Noelting large quantities of liquor (possibly more than five gallons, and if so, the sureties on the bond would not have been liable for a sale of more than five gallons); (3) because there is no averment in the amended complaint that defendant Berkemeier or his agents knew that Noelting was in a state of intoxication when the liquor was sold to him; (4) because it avers that Berkemeier was licensed to sell in less quantities than a quart at a time; and (5) because no law in this State authorized such a license, or required a bond therefor.

As to the first objection, the statute (§368 Burns 1908, §362 R. S. 1881) provides that "when any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." This requirement has been held in numerous cases to be imperative. *Miller* v. *Bottenberg* (1896), 144 Ind. 312; *Western Assur. Co.* v. *McCarty* (1897), 18 Ind. App. 449, and cases cited.

It is provided by §350 Burns 1908, §345 R. S. 1881, that "no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from

2. the whole record that the merits of the cause have been fairly determined;" and by §407 Burns 1908, §398 R. S. 1881, that "the court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect." See, also, §700 Burns 1908, §658 R. S. 1881.

Section 350, *supra,* has been applied to avoid a reversal where, as in the case at bar, a demurrer has been overruled to a pleading founded upon a written instrument, the original or a copy thereof not being filed with the pleadings. *Baker* v. *Pyatt* (1886), 108 Ind. 61. In that case the court refused to reverse the judgment for error in overruling the demurrer, upon the ground that it appeared from the whole record that the merits of the cause had been found and determined. See, also, *Lake Shore, etc., R. Co.* v. *Kurtz* (1894), 10 Ind. App. 60. In *Baker* v. *Pyatt, supra,* there was a special finding of facts from which the Supreme Court said that no harm had been done to the defendant by the plaintiff's failure to file the original or a copy of the deed upon which the paragraph in question was based, as it appeared that such instrument was properly introduced in evidence.

In *Miller* v. *Bottenberg, supra,* a copy of the written instrument upon which the answer was based was not filed, and the court held the answer bad. But, in the course of the opinion the court, at page 315, said: "If the evidence was in the record, and from it we could see that the written contract, on which the third paragraph of the answer was. founded, had been properly read in evidence, and that it was a contract of the force and character ascribed to it in the answer, a very different question would be presented. We

would then be called on to say, under the statutory provisions quoted, whether it appeared from the whole record that the merits of the cause had been fairly determined, notwithstanding the error in ruling on the demurrer." After setting out §§350, 407, *supra,* the court further said: "We are disposed to give full effect to these statutory provisions in all cases to which they apply. But they do not apply to this case, because the record shows that an error has been committed against the appellant, and there is nothing in the record to show that the merits of the cause have been fairly determined, as provided in the first section quoted, or that the error or defect did not affect the substantial rights of the adverse party, as provided in the second and third sections referred to."

It appears from the record that the bond was filed with the original complaint and made a part thereof as an exhibit. The amended complaint describes the bond, and says that it is filed with and made a part of the complaint as exhibit A—the designation given it in the original complaint. Exhibit A appears in the record as having been filed with the original complaint, but is the same instrument referred to as "exhibit A," both in the original and the amended complaints. The bond was read in evidence. Its reading was not objected to on the ground that it was not an exhibit to the amended complaint. It shows on its face that it was the same instrument set out and described as exhibit A in the original, and referred to as exhibit A in the amended complaint.

It would be difficult to point out how, in any particular, the substantial rights of appellants were affected by the failure to attach mechanically or physically exhibit A to the amended complaint. Appellants were deprived of no right, nor denied any information in fact, by the failure to file the exhibit with the amended complaint. It thus affirmatively appears that they were not harmed by this omission. · *Blackburn* v. *Crowder* (1889), 108 Ind. 238; *Wagner* v. *Barden*

(1895), 13 Ind. App. 571; *Miller* v. *Buchanan* (1894), 10 Ind. App. 474.

The second, third, fourth and fifth objections to the complaint are all met by the following decisions: *Brow* v. *State* (1885), 103 Ind. 133; *Homire* v. *Halfman* (1901), 156 Ind. 470; *State, ex rel.,* v. *Terheide* (1906), 166 Ind. 689; *Werneke* v. *State* (1875), 50 Ind. 23; *Nelson* v. *State, ex rel.* (1903), 32 Ind. App. 88.

Appellants' fifth, sixth, seventh, eighth and ninth points are based upon the doctrine insisted upon by them, that it was necessary for appellees to prove that appellant Berkemeier and his agents knew at the time the sale was made that Noelting was in a state of intoxication. This claim cannot be allowed. See cases last cited.

Only three acts are necessary to establish this cause of action: (1) The sale or gift of the liquor by the appellants; (2) intoxication resulting from its use, in whole or in part; (3) the loss of the means of support by the relators in consequence of such intoxication. *Homire* v. *Halfman, supra; Beers* v. *Walhizer* (1887), 43 Hun 254.

Instructions seven, eight and nine, given by the court of its own motion, are objected to. Said seventh instruction told the jury that "Ida Noelting is entitled to support and maintenance by her husband, said Joseph Noelting, for and during her natural life, or so long as he lives; and the relators Edna, Ella and Josephine Noelting are entitled to maintenance and support from and by their father, said Joseph Noelting, until they shall arrive at the age of twenty-one years, respectively, or their death prior thereto. In estimating the injury or damage to the means of support of said relators herein, if any, the jury may consider the personal character, mental and physical capacity, business and vocation, and habits of sobriety and economy of said Joseph Noelting."

Two instructions appear in the record as given by the

court of its own motion, each bearing the number "8." The first tells the jurors that if they find from a preponderance of the evidence that it was a fact that some of the intoxicating liquor, by which said Joseph Noelting was intoxicated, if he was found to be intoxicated, was procured by him at another saloon, or at other places than the saloon of defendant Berkemeier, such fact would not relieve defendants from liability on said bond, if said Berkemeier or his agents sold intoxicating liquors to said Noelting when he was already in a state of intoxication, and, if the intoxicating liquor, if any, sold by defendant Berkemeier or his agent to said Noelting caused additional intoxication, and injury resulted proximately to the means of support of said relators because of the intoxicated condition thus caused, as alleged in the complaint, and if the other material allegations of the complaint have been established by a fair preponderance of the evidence, then there was a breach of the condition of said bond, and the defendants are liable for such resulting damage to said relators.

The second instructs that, in order to recover, relators must prove by a fair preponderance of the evidence that defendant Berkemeier or his agents sold Noelting intoxicating liquor while he was in a state of intoxication, which he drank while in such state, and which liquor so drank by him caused him to kill Herman Pepmeier, which killing resulted in his subsequent imprisonment as alleged, and that the relators by his imprisonment were injured in their means of support.

By instruction nine the jurors were informed that if they found from a preponderance of the evidence that the defendant Berkemeier or his agents sold and delivered to said Noelting intoxicating liquors while he was in a state of intoxication, that said Noelting then and there drank the same; and that said Berkemeier was at said time engaged in the sale of intoxicating liquors under a license issued to him by proper authorities, and that he had executed the bond in suit as al-

leged; that after drinking said intoxicating liquors Noelting became so intoxicated that he was completely under the influence thereof, and, by reason of such intoxication and the effects thereof, without provocation, excuse or justification, did kill Herman Pepmeier; that he was arrested, convicted and imprisoned for life, as alleged in the complaint, and that the relators were damaged in their means of support—then the defendants are liable on the bond sued on, and the finding should be for the relators in such sum as they may have suffered, if any, to their means of support, not exceeding $2,000.

Considered together, there was no error in these instructions.

It was not error to refuse to give the tenth instruction, because it stated what the judgment finds. The record of the indictment, the verdict and the judgment was read in evidence. Both parties and the jury had the benefit of whatever it contained, and the jury had the right to, and it will be presumed did, consider the same in connection with the other evidence in the case.

We cannot say that the verdict is without support in the evidence. Judgment affirmed.