## VOLKER ET AL. *v.* STATE OF INDIANA, EX REL. CREAMER.

[No. 22,103. Filed February 16, 1912.]

1. INTOXICATING LIQUORS.—*Unlawful Sale.*—*Pleading.*—*Complaint.* —*Averment of Sale.*—A complaint in an action for damages from the unlawful sale of liquor need not allege the price paid for the liquor, but it is sufficient if a sale is averred in general terms. p. 161.

2. INTOXICATING LIQUORS.—*Unlawful Sale.*—*Pleading.*—*Complaint.* —*Allegations as to Sale and Drinking of Liquor.*—A complaint in an action for damages from the unlawful sale of liquor, which alleges the application of defendant for a license to sell liquor on premises described in the application and the granting of the license, and that defendant sold liquor on the premises under said license for the period of one year, that on the day of the alleged unlawful sale defendant knew that plaintiff's husband was an habitual drunkard, and that defendant knowing that he was then intoxicated sold and delivered to him whisky and beer by reason of which he became drunk and was injured, sufficiently shows the sale and delivery of liquor to plaintiff's husband and that he drank same. p. 162.

3. INTOXICATING LIQUORS.—*Unlawful Sale.*—*Pleading.*—*Complaint.* —*Location of Saloon.*—A complaint in an action for damages from the unlawful sale of liquor is sufficient without describing the location of defendant's saloon. p. 163.

4. ACTION ON BOND.—*Pleading.*—*Complaint.*—As a general rule, when a pleading is based on a written instrument, it is insufficient unless the original or a copy of such written instrument is filed therewith and made a part thereof. p. 163.

5. APPEAL.—*Action on Bond.*—*Failure to File Bond with Pleading.*—*"Substantial Justice".*—*Not Ground for Reversal.*—Where it appears that the substantial rights of the adverse party were not affected by a failure to make a liquor dealer's bond part of the substituted complaint, in an action on the bond, the judgment will not be reversed under §§350, 407, 700 Burns 1908, §§345, 398, 658 R. S. 1881. p. 163.

6. TRIAL.—*Instructions.*—*Request.*—*Signing.*—The refusal to give a requested instruction is not available error where the requested instructions were not signed as required by §561 Burns 1908, Acts 1907 p. 652. p. 166.

7. EVIDENCE.—*Sale of Liquor.*—*Venue.*—*Judicial Notice.*—*Location of Town.*—The court takes judicial notice of the fact that a certain town is in a particular county in this State and evidence showing an illegal sale of liquor in the town of Mitchell sufficiently shows the venue of such sale. p. 167.

8. EVIDENCE.—*Character of Party.*—Evidence as to the character of a party is not admissible in a civil action except when his character is directly in issue. p. 167.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by the State of Indiana on the relation of Pearl Creamer against George B. Volker and another. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Brooks & Brooks,* for appellant.

*Alvin Padgett, A. J. Padgett, R. W. Miers,* and *Edwin Corr,* for appellee.

MONKS, J.—This action was brought in the Lawrence Circuit Court by relatrix against Volker as principal and the American Surety Company as surety on a retail liquor dealer's bond, alleging loss of support by reason of injuries to the husband of relatrix. The venue was changed to the Monroe Circuit Court, where the cause was tried and judgment rendered against appellants.

The errors assigned call in question the action of the court in overruling (1) the separate demurrer of each appellant to the substituted complaint, and (2) appellant's motion for a new trial.

The objections urged against the complaint by appellants are (1) that a sale of intoxicating liquor is not sufficiently alleged, because the price therefor is not stated; (2) that it is not alleged that Creamer, the husband of relatrix, drank the liquor procured from Volker; (3) that it is not alleged that the liquor was sold or given to said Creamer while he was in a state of intoxication; (4) that the location of Volker's saloon is not described in the complaint; (5) that it is not averred that the liquor was sold to said Creamer at the place of business described in the bond, where Volker was to carry on said business; (6) that the bond on which the action is based was not filed with the substituted complaint, or in any way made a part thereof, as required by §368 Burns 1908, §362 R. S. 1881.

The first objection to the complaint is not tenable. True, the sale of liquor is alleged in general terms, and the price is not stated. The ninth subdivision of §192 of the

1. act of 1905 (Acts 1905 p. 584, §2063 Burns 1908, which is a reënactment of §1756 R. S. 1881, Acts 1881 (s. s.) p. 114, §181, subd. 9, provides that no indictment shall be quashed "for omitting a statement of the value or price of any matter or thing or the amount of damages or injury in any case where the value or price or the amount of damages or injury is not of the essence of the offense." Since this law went into effect it has been held that an indictment for the illegal sale of intoxicating liquor was not bad for the reason that it failed to allege the price paid for the liquor. *State* v. *Allen* (1895), 12 Ind. App. 528, 40 N. E. 705.

A general allegation of the sale of liquor sufficiently imports the payment of a money consideration *(State* v. *Allen,*

*supra;* 23 Cyc. 231), and the complaint in this case was not bad on demurrer on account of failure to set out the price paid for the liquor.

The substituted complaint, after alleging that Volker applied for a license to sell intoxicating liquors to be drunk on the premises, which certain premises were described in his application, that said premises were located in the town of Mitchell, in Lawrence county, Indiana, that said license as applied for was granted and issued to him, and that the bond sued on was executed and approved June 7, 1907, averred "that thereupon said defendant George B. Volker entered upon the sale of such intoxicating liquors in said building located on said premises, and continued said business for the period of one year thereafter. And plaintiff further avers that during said year for which said license was granted defendant George B. Volker, and Albert Keane, his bartender in the saloon conducted on the premises, sold liquor under said license; * * * that on April 29, 1908, said defendant Volker and his agent knew that said Charles Creamer was a person that was an habitual drunkard, and that he was a person in the habit of becoming intoxicated; that said Volker and his agent, said Keane, on the said date and at a time when said Charles Creamer was intoxicated and in a state of intoxication, sold and delivered to said Charles Creamer intoxicating liquor, to wit, whisky and beer, and that said Volker and his said agent did deliver and give to said Charles Creamer intoxicating liquor, to wit, whisky; that, by reason of said unlawful sales and gifts of said whisky and beer aforesaid, said Charles Creamer was made drunk and unable to take care of himself, and that he was thereby made crazed, and while so intoxicated and by reason thereof he staggered against a freight-train while it was running, and was thereby crushed, bruised, wounded, paralyzed and crippled for life, and that said Charles Creamer is a permanent cripple."

It is evident from the part of the complaint set out that it is not open to the second and third objections urged.

It was not necessary to the sufficiency of the substituted complaint that the location of appellant Volker's saloon be described therein, as claimed in the fourth objection.

3. There was no description of the premises in the complaint in the case of *Baker* v. *State, ex rel.* (1910), 45 Ind. App. 713, 93 N. E. 14, and this was urged as an objection thereto, but the court affirmed the judgment in favor of the.relatrix, thereby holding that such allegation was unnecessary.

It also appears from said allegations of the complaint that the intoxicating liquor was sold to Creamer on the premises on which appellant Volker was authorized by his license to conduct his business. Whether it was necessary to the sufficiency of the substituted complaint that such fact appear from the complaint, or be directly averred therein, as claimed in the fifth objection, we need not and do not determine.

We will next consider the sixth objection to the substituted complaint—that it is insufficient because the bond sued on was not made a part thereof as required by §368 Burns 1908, §362 R. S. 1881. Said section requires that "when any pleading is founded on a written instrument or on an account, the original, or a copy thereof, must be filed with the pleading." The general rule is that when a pleading is based on a written instrument, it is not sufficient

4. to withstand a demurrer for want of facts, if the original, or a copy of such written instrument sued on, is not filed therewith and made a part thereof. *Brown* v. *State, ex rel.* (1873), 44 Ind. 222.

It does not follow, however, that this case must be reversed because no copy of the bond sued on was filed with the substituted complaint. It is provided by §350 Burns

5. 1908, §345 R. S. 1881, that "no objection taken by demurrer, and overruled, shall be sufficient to reverse

the judgment, if it appear from the whole record that the merits of the cause have been fairly determined;'' and by §407 Burns 1908, §398 R. S. 1881, that ''the court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect.'' See, also, §700 Burns 1908, §658 R. S. 1881.

Section 350, *supra,* has been applied to avoid a reversal, where a demurrer had been overruled to a pleading founded on a written instrument, the original or copy thereof not being filed with the pleadings. *Baker* v. *Pyatt* (1886), 108 Ind. 61, 9 N. E. 112. In that case the court refused to reverse the judgment for error in overruling the demurrer, upon the ground that it appeared from the whole record that the merits of the cause had been fairly determined. See, also, *Lake Shore, etc., R. Co.* v. *Kurtz* (1894), 10 Ind. App. 60, 35 N. E. 201, 37 N. E. 303. In *Baker* v. *Pyatt, supra,* there was a special finding of facts, from which this court said that no harm has been done to defendant by plaintiff's failure to file the original or a copy of the deed on which the paragraph in question was based, as it appeared that such instrument was properly introduced in evidence.

In *Miller* v. *Bottenberg* (1896), 144 Ind. 312, 41 N. E. 804, a copy of the written instrument on which the answer was based was not filed, and the court held the answer bad. But, in the course of the opinion, the court, at page 315, said: ''If the evidence was in the record, and from it we could see that the written contract on which the third paragraph of the answer was founded, had been properly read in evidence, and that it was a contract of the force and character ascribed to it in the answer, a very different question would be presented.''

*Berkemeier* v. *State, ex rel.* (1909), 44 Ind. App. 1, 88 N. E. 634, was an action on a retail liquor dealer's bond, and a copy of the bond sued on was not filed with nor made a

part of the amended complaint. Judgment was rendered in favor of the relatrix in the trial court. On appeal, the court, applying §§350, 407, 700, *supra*, held that no reversible error was committed in overruling the demurrer to the complaint for want of facts, and affirmed the judgment. *Baker* v. *State, ex rel.* (1910), 45 Ind. App. 713, 93 N. E. 14, involved the same questions and was affirmed on the authority of *Berkemeier* v. *State, ex rel., supra.*

It appears from the record that a copy of the bond sued upon was filed with and made a part of the original complaint in the Lawrence Circuit Court, and when the transcript and papers in said cause were filed with the clerk of the court below, on change of venue, said complaint was one of the papers so filed. When the cause came on for trial, the pleadings were lost, and, on leave granted by the court, substituted pleadings were filed by the parties. Appellants each filed a demurrer for want of facts to said substituted complaint, which was overruled. The bond sued on was fully described, and the substance thereof set out in the substituted complaint, which contains the allegation that "a copy of said bond is filed herewith and made a part hereof, and marked exhibit A." The record, however, does not show that a copy of said bond was filed with said substituted complaint.

Since the trial of said cause in the court below, the lost pleadings have been found, and copies thereof have been brought to this court by writ of *certiorari.* The substituted complaint is a copy of the original complaint, and as fully and effectually apprised the defendants of the obligation sued on, its nature and effect, as if a copy of the bond had been actually and physically filed with said substituted complaint. The copy of the bond read in evidence on the trial of the cause was an exact copy of the bond sued on and filed with the original complaint and made a part thereof as exhibit A, and it is also a copy of the bond sued on and described in the substituted complaint. The only objection

made to the introduction in evidence of a copy of the bond sued on in the substituted complaint, was that it was not properly certified. No objection was made to its admission in evidence, on the ground that it was not a copy of the bond sued on and described in the substituted complaint, or because no copy thereof had been filed with the substituted complaint. If such objection had been made, the court would have permitted a copy of said bond to be filed with and made a part of the substituted complaint, if one was not already on file. It is evident that the failure to file a copy of said bond with the substituted complaint did not in any way prejudice appellants in any of their substantial rights. They were not deprived of any right or denied any information by the failure to file a copy of said bond with the substituted complaint. It thus affirmatively appears that they were not harmed by the failure to file a copy of said bond. The merits of the cause have been fairly determined.

It follows that no reversible error was committed by the court in overruling the demurrer to the substituted complaint.

Complaint is made of instruction seven, given by the court of its own motion. This instruction is subject to criticism, and cannot be commended as a model, but it is not fairly open to the objections urged against it. When read and considered with all the other instructions given, and with reference to the issues and the evidence in the cause, it is evident that said instruction did not mislead the jury, or deprive appellants of any of their substantial rights.

Complaint is also made of the refusal of the court to give instruction seventeen, requested by appellants. It does not appear from the record that the requested instruc- 6. tions were signed by appellants or their counsel, as required by §561 Burns 1908, Acts 1907 p. 652. Said requested instruction not being signed as required by said section, no available error was committed in refusing to give

it. *Pittsburgh, etc., R. Co.* v. *O'Conner* (1908), 171 Ind. 686, 699, 85 N. E. 969, and cases cited; *Musser* v. *State* (1901), 157 Ind. 423, 445, 446, 61 N. E. 1; *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009, 1014, and cases cited.

Appellants contend that the evidence is insufficient, for the reason that it fails to show the venue. It was shown that the alleged illegal sale was made in the town of 7. Mitchell. This court has uniformly held that it will take judicial notice of the fact that a certain town is in a particular county of this State. *Indianapolis, etc., R. Co.* v. *Case* (1860), 15 Ind. 42; *Indianapolis, etc., R. Co.* v. *Stephens* (1867), 28 Ind. 429; *Cluck* v. *State* (1872), 40 Ind. 263; *Indianapolis, etc., R. Co.* v. *Lyons* (1874), 48 Ind. 119; *Glenn* v. *Porter* (1875), 49 Ind. 500; *Luck* v. *State* (1884), 96 Ind. 16; *Louisville, etc., R. Co.* v. *McAfee* (1896), 15 Ind. App. 442, 43 N. E. 36.

The court did not err in refusing to permit appellant to introduce evidence as to Volker's general good character. In a civil action, such evidence is admissible only when 8. the character of the party is directly in issue. *Continental Ins. Co.* v. *Jachnichen* (1887), 110 Ind. 59, 10 N. E. 636, 59 Am. Rep. 194, and cases cited; *Gerhart* v. *Burkett* (1877), 57 Ind. 378, 26 Am. Rep. 61; *Elliott* v. *Russell* (1884), 92 Ind. 526; *Treschman* v. *Treschman* (1902), 28 Ind. App. 206, 61 N. E. 961.

The judgment is affirmed.

Note.—Reported in 97 N. E. 422. See, also, under (1) 23 Cyc. 322; 48 Am. Dec. 625; (2) 23 Cyc. 322; (3) 23 Cyc. 323; (4) 5 Cyc. 825; 31 Cyc. 556; (5) 3 Cyc. 443; (6) 38 Cyc. 1769; (7) 16 Cyc. 860; 12 Ann. Cas. 927; (8) 16 Cyc. 1263.