## Baltimore & Ohio Southwestern Railroad Company *v.* Zollman.

[No. 5,802. Filed February 7, 1907. Rehearing denied April 5. 1907. Transfer denied June 25, 1907.]

1. RAILROADS.—*Killing Stock.—Fences.*—A railroad company is liable for stock killed by its trains upon its track, where its employes in repairing the fence along its right of way left the gate unfastened so that such stock wandered upon the track, such employes having assured the stock owner that the gates would be left securely fastened. p. 235.

2. SAME.—*Failure to Fence.*—A railroad company, which, in repairing its fence along its right of way, leaves a gate insecure over night, is liable, under §5323 Burns 1901, Acts 1885, p. 224, §1, requiring it to fence its right of way, for stock, which escapes thereby, and is killed by its trains. p. 235.

From Jackson Circuit Court; *Thomas B. Buskirk,* Judge.

Action by George W. Zollman against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*McMullen & McMullens, Edward Barton* and *Thomas Honan,* for appellant.

*James F. Applewhite, William T. Branaman* and *Ayres, Jones & Hollett,* for appellee.

ROBY, P. J.—Action by appellee. Trial by the court, special findings made, conclusions of law stated thereon, and judgment for $100 rendered in accordance therewith. The complaint was in three paragraphs. In the first it is alleged that the appellee's horse entered upon appellant's railroad at a place where the same was not securely fenced, was struck and killed, to appellee's damage, etc. The second paragraph also proceeds upon the theory that the appellant had violated a statutory duty. The third paragraph avers negligence upon the part of the appellant, setting out the details thereof at length. Demurrers to each of said paragraphs were overruled, but their sufficiency was conceded upon the

argument of the case, by reason of which concession it becomes unnecessary to consider a number of points made in the brief.

The special findings show that appellee owned a farm through which appellant's railroad track was laid. Its right of way had been theretofore fenced on both sides. The fence on the south side thereof had become old and out of repair. There was a farm crossing over the track, and an opening in the fence for such crossing. On September 14, 1903, there was a substantial gate across said opening, securely hinged to one post and chained and locked to the other, which gate was erected and maintained by appellee in accordance with the provisions of §5321 Burns 1901, Acts 1885, p. 148, §2. Appellant on said day tore out and proceeded to rebuild its fence, and in so doing removed said gate from its position, loosening the chain, and lifting it from its hinges. About 6 o'clock p. m. one of appellee's employes inquired of appellant's foreman in charge of said work if it would be necessary for appellee to put up his stock which was being pastured in a field adjacent to the railroad, and was told that it would not be necessary, that appellant's employes would put the gate in its proper position and securely fasten it before they quit work. This they did, and on the following day continued tearing out and rebuilding said fence, again removing said gate from its position, taking out the post to which it was hinged and putting in a new one. They kept the gate open during the day for their own use. Appellee's employe again went to appellant's foreman in the evening, and inquired if it would be necessary to put up the stock that night to keep it off the track, and was told that it would not be necessary to do so, that the gate would be put in and fastened before appellant's employes quit work that evening. The gate was set across said gateway, but appellant's employes negligently failed to fasten the same to the posts or otherwise make it secure. Appellee had no knowledge until the next morning

that the gate was left unfastened. During the night, the gate, on account of not being secured, was pushed or blown down, thereby leaving the way open, and appellee's horses during said night went through said opening from the pasture field and a colt, of the value of $100, was run over and killed by one of appellant's trains.

The question of appellant's liability is reduced to a very narrow limit. The court found, as a matter of fact, in addition to the findings above stated, that the colt was

1. killed without any negligence on the part of its owner and because of the negligence of appellant. The conclusion of law stated, to which exception was taken, was that the plaintiff ought to recover of and from the defendant the sum of $100. The conduct of appellant's employes as thus found, in failing to secure said gate, was not, in view of the known conditions, that of reasonably prudent and careful men. If there were room for controversy as to the existence of such negligence, the finding of the court would conclude the matter. *Republic Iron & Steel Co.* v. *Jones* (1904), 32 Ind. App. 189. The facts found are not, however, consistent with the exercise of reasonable care upon the part of appellant, acting by its employes, and the finding is sufficient to establish negligence in the absence of the conclusion. *Guy* v. *Liberenz* (1903), 160 Ind. 524. Both the specific allegations of the third paragraph of complaint and the facts specially found exonerate appellee from any implication of contributory negligence.

Where it appears that a private gate was opened by the railroad company, such company must see that it is closed when the purpose for which it was opened is accom-

2. plished, without reference to the question as to whose duty it might be, generally speaking, to maintain such gate. Failing so to close, said company might be held liable under the statute (§5323 Burns 1901, Acts 1885, p. 224, §1) requiring it securely to fence its right of way. *Cleveland, etc., R. Co.* v. *Swift* (1873), 42 Ind. 119; *Spinner* v. *New*

*York, etc., R. Co.* (1876), 67 N. Y. 153. It is not, however, necessary, for the purposes of this case, more than to approve the finding of the court establishing such liability because of negligence as aforesaid.

Judgment affirmed.

Hadley, Watson and Rabb, JJ., concur. Myers, C. J., and Comstock, J., absent.