## CLEVELAND, CINCINNATI AND ST. LOUIS RAILWAY COMPANY *v.* SMITH.

[No. 23,795.    Filed March 7, 1923.]

1. EMINENT DOMAIN.— *Condemnation for Railroad Right of Way.— Instrument of Appropriation.— Damages.— Limitation.* —A railroad company, by contractual stipulations in the instrument of appropriation by which it takes land for a right of way, may bind itself so to construct and maintain the railroad as to avoid inflicting damage which it otherwise might have the right to cause. p. 678.

2. EMINENT DOMAIN.— *Condemnation for Railroad Right of Way.—Assessment of Damages.*—Where a railroad company, in appropriating land under the power of eminent domain, fails to bind itself in the instrument of appropriation so to construct and maintain the railroad as to avoid inflicting damage which it otherwise might have the right to cause, the damages must be assessed once for all, on the basis that the company will have the right to construct its works in any way it desires which is not negligent or unlawful and does not violate the rights of adjacent landowners, and to .change the mode of construction at pleasure, subject to the same limitations, without payment of further damages. p. 679.

3. EMINENT DOMAIN.— *Condemnation for Railroad Right of Way.—Limiting Damages.*—In a proceeding by a railroad company to appropriate land for a right of way, the damages which will result from the construction of the improvements in the manner proposed cannot be limited by testimony of a proposed plan which the railroad company is not bound by law or contract to carry out, or to maintain, if once installed. p. 679.

4. EMINENT DOMAIN.— *Condemnation for Railroad Right of Way.—Assessment of Damages.—Deduction of Benefits.—Statutes.*—Where land is taken by any condemnor except a municipal corporation, no deduction for benefits that may result from the improvement can be made in assessing damages for the value of the land and improvements actually taken, or for the damages to the residue of the land not taken, or for other damage that will result to the landowner from the construction of the proposed improvement, in view of §934 Burns 1914, Acts 1905 p. 59, prescribing the duties of appraisers in condemnation proceedings. p. 679.

5. EVIDENCE.—*Judicial Notice.—Location of Farm with Relation to Cities and Towns.*—The court has judicial knowledge that a farm in Boone county, in the south half of section 27,

township eighteen north, range two east, about three miles northwest of the town of Zionsville, is not more than four miles from Whitestown, nor more than twenty miles from Indianapolis. p. 679.

6. EMINENT DOMAIN.—*Damages.—Instructions.—Invited Error.* —In a proceeding by a railroad company to condemn land for a right of way, error, if any, in giving an instruction that in assessing damages the jury might consider the "location of defendant's farm with reference to schools, churches and markets," in the absence of any evidence as to such location, *held* to have been invited, where counsel for condemnor asked a witness produced by it to take into consideration, in determining the fair market value of defendant's farm, "the location of the farm with reference to markets and everything that to your knowledge affects the value of real estate." p. 680.

7. EMINENT DOMAIN.— *Condemnation for Railroad Right of. Way.—Instructions.—Harmless Error.*—In a proceeding by a railroad company to condemn land for a right of way, an instruction that, if a private crossing "or crossings" was made necessary by the proposed improvements, such crossing "or crossings" must be made at the expense of the landowner, except planking the track between the ends of the ties, *held* not misleading because of the use of the word "crossings," where the evidence clearly showed that one crossing only was to be constructed. p. 680.

8. TRIAL.— *Instructions.— Incomplete Instructions.— Failure to Request Fuller Instruction.*—Giving an instruction which is incomplete, but which correctly states the law as far as it goes, is not reversible error where the court was not asked to give further instructions that would complete it. p. 681.

9. EMINENT DOMAIN.— *Damages.— Instructions.— Interference with Landowner's Access to Property.*—In a proceeding by a railroad company to condemn land for a right of way, an instruction that the jury might include in its verdict damages for the temporary interference with free access to the part of the landowner's property cut off by the track, was justified, in view of the statutory provisions enumerating, as elements of damages to be considered in such a proceeding, the value of the land to be appropriated and of the improvements thereon, the damage done to the residue of the land by taking out part of it, and "such other damages as will result from the construction of the improvements in the manner proposed." p. 681.

10. EMINENT DOMAIN.—*Damages.—Instructions.—Liability for Injuries to Live Stock at Private Farm Crossing.—Statutes.*— In a proceeding by a railroad company to condemn land for a

right of way, an instruction that, if a landowner fails to keep the gates at his private crossing closed, and his stock passes through such gate and upon the railroad track and is killed by engine or train, he cannot recover, *held* erroneous, in view of §5446 Burns 1914, Acts 1885 p. 148, as to the liability of railroad companies for killing animals on their tracks. p. 682.

11. EMINENT DOMAIN. — *Damages.* — *Instructions.* — *Harmless Error.—Liability for Injuries to Live Stock at Private Farm Crossing.*—In a proceeding by a railroad company to condemn land for a right of way, the giving of an instruction, which was both erroneous and inapplicable to the issue on trial, that, if a landowner failed to keep the gates at his private crossing closed, and his stock passed through the open gate and upon the railroad track and was killed by an engine or train, the railroad company was not liable, *held* harmless, in view of the fact that the verdict fixed the damages at less than the average of the amounts of damage's testified to by all the witnesses. p. 682.

12. EMINENT DOMAIN.—*Damages.—Instructions.—Inconvenience and Annoyance.*—In a proceeding by a railroad company to condemn land for a right of way, the jury was entitled to take into account, in fixing the damages, the annoyance and inconvenience, if any, in crossing the railroad in going from one part of the landowner's farm to another. p. 683.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Condemnation proceedings by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company against John J. Smith. From the judgment rendered, the railroad company appeals. *Affirmed.*

*Frank L. Littleton* and *Forrest Chenoweth,* for appellant.

*Meyers, Gates & Ralston* and *John W. Hornaday,* for appellee.

EWBANK, J.—The appellant company relocated its railroad from a point two miles south of Zionsville to a point four miles northwest of that town, for the alleged purpose of eliminating dangerous curves, inconvenient grades and serious errors in location, as provided by §5248 Burns 1914, Acts 1907 p. 373, and filed its complaint for the appropriation of that part of the

proposed new right of way which extends across appellee's farm. Appraisers were appointed and made an award, to which each party filed exceptions, and the question of damages was submitted to a jury, which returned a verdict in favor of appellee, on which judgment was rendered for $2,825. Overruling the motion for a new trial is the only error assigned.

The complaint alleged only that appellant sought to "appropriate for its said right of way" a certain described tract, containing 4.55 acres, and that it "intends to use the property herein sought to be appropriated as a right of way for its railway tracks, sidings, switches, turnouts, cuts, fills, side and service ditches and other structures incident and necessary to the construction and operation of such railway." It was not alleged, nor does it appear from anything in the record, that any limitation as to the depth of cuts or height of grades or manner of construction was imposed by the instrument of appropriation, and nothing to that effect appears in the complaint, except that the railroad was to be relocated and improved by "reconstructing the same as a double track railroad." Neither does it appear that appellant bound itself, by anything in the instrument of appropriation or the complaint, to take up its old track past appellee's farm, or whether it proposed to operate that track as a switch or side track leading to factories and warehouses in Zionsville or for any other purpose. The evidence showed, without contradiction, that the old right of way and track were not on appellee's land, but skirted and adjoined his farm for about 280 rods along the northeast side, passing within 200 feet of his house and barn, and that the proposed new location would run a distance of seventy-five rods across the southwest corner of his farm, 1,400 feet from the house and barn, occupying 4.55 acres, and cutting off a triangular piece containing 9.05 acres, which does not

adjoin any highway; also that an interurban railroad which runs near appellee's house is on the farther side of the old right of way and tracks of appellant.

Counsel for appellant offered to introduce oral evidence to the effect that it is its "plan and purpose" to remove all of its track and property from the old 1. right of way as soon as the new one is so far completed that it can be used in operating the railroad, that it is "proposed" to conduct all the business of the company over the new route, and that under the "proposed plan" the drainage from appellee's land and the overflow water would be taken care of, so as to improve the land; but each offer was refused and appellant excepted. If the appellant, by its instrument of appropriation, as shown by its complaint, had limited the right which it was seeking to appropriate to the construction and operation of a railroad at a designated height of fill and depth of cut, with ditches leading to Eagle creek so constructed as to drain appellee's land, and also had obligated itself to maintain them as so constructed, and to remove the tracks from the old right of way, a different question would be presented. No doubt a railroad company, by contractual stipulations in the instrument of appropriation by which it takes land for a right of way as set out in its complaint, may bind itself so to construct and maintain the railroad as to avoid inflicting damage which it otherwise might have the right to cause. *Chicago, etc., R. Co.* v. *Jones* (1885), 103 Ind. 386, 390, 6 N. E. 8; *Cleveland, etc., R. Co.* v. *Hadley* (1913), 179 Ind. 429, 439, 101 N. E. 473, 45 L. R. A. (N. S.) 796; *Indiana, etc., R. Co.* v. *Rinehart* (1895), 14 Ind. App. 588, 592, 43 N. E. 240; 2 Lewis, Eminent Domain (3d ed.) §712.

But in the absence of any such contractual stipulations the damages must be assessed once for all, on the basis that the railroad company will have the right to

construct its works in any way it pleases, which 2. is not negligent or unlawful, and does not violate the rights of adjacent landowners, and to change the mode of construction at pleasure, subject to the same limitations, without payment of further damages. *Cleveland, etc., R. Co.* v. *Hadley, supra*; 2 Lewis, Eminent Domain (3d ed.) §713.

The damages which will "result * * * from the construction of the improvements in the manner proposed" (§934, cl. 4, Burns 1914, Acts 1905 p. 59) 3. cannot be limited by testimony of a "proposed" plan which the railroad company is not bound by law or contract to carry out, or to maintain, if once installed. The rulings complained of were not erroneous.

Appellant asked instructions to the effect that if appellee would receive "special individual benefits," or benefits "peculiar to the interests of the defendant 4. (appellee), which are not such damages as are received by the community," such special benefits might be considered in determining the amount of his damages. It was not error to refuse these instructions. Under the statutes of this state, where land is taken by any condemnor except a municipal corporation, no deduction for benefits that may result from the improvement can be made in assessing damages for the value of the land and improvements actually taken, or for the damages to the residue of the land not taken, or for other damage that will result to the land owner from the construction of the proposed improvement. §934 Burns 1914, Acts 1905 p. 59, §6.

It was shown that appellee's farm is in Boone county, in the south half of section 27, township 18 north, range 2 east, about three miles northwest of the town 5. of Zionsville. The court had judicial knowledge that this was not more than four miles from Whitestown, nor more than twenty miles from Indian-

apolis. *Williams* v. *Osborne* (1914), 181 Ind. 670, 681, 104 N. E. 27; *Shields* v. *Pyles* (1912), 180 Ind. 71, 76, 99 N. E. 742; *Louisville, etc., R. Co.* v. *Hixon* (1885), 101 Ind. 337, 338; *Terre Haute, etc., R. Co.* v. *Pierce* (1884), 95 Ind. 496, 502.

And in the direct examination of Joseph Beeler, one of the witnesses for appellant, after he had testified that he lived near Zionsville and had known appellee's farm all his life, counsel for appellant asked him to take into consideration certain facts, including "the location of the farm with reference to markets and everything that to your knowledge affects the value of real estate," and state what was the fair market value of that farm, to which the witness answered that $170 an acre would be a fair price. There was no evidence of the location of appellee's farm with reference to markets, schools or churches, except the facts of which the court had judicial knowledge, as above stated. But in view of those facts, and of the knowledge which the foregoing question asked by counsel for the appellant assumed the witness and the jurors to have, we do not think appellant has reason to complain of an instruction which the court gave to the effect that in assessing damages the jury might consider certain enumerated matters, including "the location of defendants' farm with reference to schools, churches and markets." Whatever error may have been committed in making the instruction broader than the evidence, if there was an error, was clearly invited by counsel for appellant.

The undisputed evidence was that appellant had already chosen the place for a farm crossing, about twenty-five rods from where the proposed right of way crosses the west line of his farm, and nearly twice as far from where it crosses his south line, and had spoken to the engineer about it; and a map was introduced in evidence under an agreement that it was

correct, and that "the point marked by the red cross is where Mr. Smith (appellee) has indicated he desires his private crossing," and that the jury might take such map with them when viewing the premises for the purpose of locating the different points marked thereon. In view of these facts an instruction that if a private surface crossing "or crossings" was made necessary by the proposed improvements, such crossing "or crossings" must be made at the expense of appellee, except planking the track between the ends of the ties, was not prejudicial to appellant by reason of what it said about "crossings." Using the plural in that connection could not mislead the jury when they knew a single crossing was to be made.

The court gave an instruction to the effect that there is no law requiring appellant nor permitting appellee to put in cattle guards and wing fences at a private surface farm crossing, and that appellant could not be required to put in any at the crossing in question. Appellant admits that this instruction stated the law correctly as far as it went, but complains that—"it left the jury entirely at sea as to what effect or weight they should give to such a situation."

8.

If additional instructions on the subject were required appellant should have prepared and requested whatever were needed. Giving an instruction which correctly states the law as far as it goes, but is incomplete, is not reversible error where the court was not asked to give further instructions that would complete it. *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 326, 327, 98 N. E. 729.

The statute enumerates as the elements of damages to be considered in a case of this kind the value of the land appropriated and of the improvements thereon, the damage done to the residue of the land by taking out part of it, and "such other

9.

damages as will result from the construction of the improvements in the manner proposed." We think this is comprehensive enough to justify an instruction which the court gave that the jury might include in its verdict damages, if any, for the temporary interference with free access to the residue of appellant's lands during the period of construction of the railroad grade and tracks, if there was competent evidence of such interference to which the instruction might apply. Appellant's "points and authorities" do not count upon any lack of such evidence, nor is his "condensed recital of the evidence" so prepared as to show that there was none. Giving this instruction is not shown to constitute reversible error.

The court gave an instruction (No. 11) to the effect that if a land owner fails to keep the gates at his private crossing closed and his stock passes through

10. an open gate upon the railroad track and is killed by an engine or train, he cannot recover damages from the railroad company for negligently killing such animals. This was not even a correct statement of the law which controls in an action for damages for killing animals on the railroad right of way. There may be circumstances under which a landowner can recover for animals that have escaped from his fields to the railroad right of way through a gate at a private crossing, and have been killed by the negligence of persons operating trains on the railroad. §5446 Burns 1914, Acts 1885 p. 148; *Toledo, etc., R. Co.* v. *Milligan* (1876), 52 Ind. 505, 510, 511; *Vandalia R. Co.* v. *Duling* (1915), 60 Ind. App. 332, 342, 347, 109 N. E. 70; *Baltimore, etc., R. Co.* v. *Zollman* (1907), 40 Ind. App. 233, 80 N. E. 40.

A majority of this court hold that the instruction referred to relates to future damages which the landowner may never sustain, and would not be ap-

11. plicable to the issue on trial, even if it were made to state correctly the rule of law which it assumes

to declare. But since the verdict fixed the damages at less than two-thirds of the average amounts testified by appellee's witnesses, little more than seven-eighths of the result obtained by striking an average of what all the witnesses for both parties testified, and less than a sixth in excess of the highest amount testified by any of appellant's witnesses we do not think the error in giving this instruction was such as to require that the judgment be reversed and a new trial ordered.

Appellant also complains of an instruction to the effect that the danger to appellee's adjoining property from fires not caused by the railroad company's negligence could be considered (among other things) in fixing the damages. But all of its objections to that instruction are fully answered by a recent decision of this court, and appellant has not suggested wherein (if at all) that decision was incorrect, although it was cited by counsel for appellee in his brief. *Chicago, etc., R. Co.* v. *Ader* (1915), 184 Ind. 235, 241, 110 N. E. 67.

A reference to the "annoyance and inconvenience, if any, in crossing the railroad * * * from one part of defendant's (appellee's) farm to another," as something which the jury might take into account in fixing the damages, was not error. If the use of a farm crossing would produce any inconvenience, and that fact was shown by the evidence, it might properly have some bearing in determining how much the value of the farm was lessened by the necessity for crossing the track to reach the fields cut off by it.

The judgment is affirmed.

Myers and Townsend, JJ., concur in the conclusion, but as they are now advised, would hold that instruction No. 11 referred to in the opinion is erroneous for the reason that it is not a proper instruction in this class of cases, but in view of the circumstances stated in the opinion this instruction was rendered harmless.